■ ALBERT B. LEWIS, Superintendent of Insurance of the State of New York, as Liquidator of Resources Insurance Company, Respondent, v UNIGARD MUTUAL INSURANCE COMPANY et al., Appellants. — Order, Supreme Court, New York County (Scott, J.), entered December 15, 1980, which, *inter alia,* granted plaintiff-respondent's motion to disqualify certain attorneys (the aggrieved party, Abrams and Martin) from representing defendant-appellant (Unigard), unanimously reversed, on the law and the facts and in the exercise of discretion, and motion denied, without costs. Appeal from the order, Supreme Court, New York County (Scott, J.), entered February 5, 1981, which denied defendant's motion for renewal of the prior order, entered December 15, 1980, treated as one for reargument, dismissed as nonappealable, without costs. This is an action instituted by the Superintendent of Insurance as liquidator of Resources Insurance Company (R.I.C.) to recover damages from Unigard on certain reinsurance treaties. R.I.C. had serious financial problems which culminated in an apparent impairment of minimum surplus in violation of section 311 of the Insurance Law. The New York State Department of Insurance conducted a special examination of the financial condition of R.I.C., which resulted in a rehabilitation order, consented to by R.I.C. Subsequently, in 1975, R.I.C. was liquidated. Abrams and Martin have represented Unigard since 1972. In October of 1974, with knowledge that Abrams and Martin

represented Unigard, R.I.C. and its parent company, Integrated Resources, Inc., retained the firm for the limited purpose of representing them in the special examination being conducted by the Insurance Department. Unigard knew that its attorneys were representing R.I.C., and the Insurance Department also had full knowledge that Abrams and Martin continued to represent Unigard while representing R.I.C. in the rehabilitation proceedings. The underlying action was instituted by plaintiff in March, 1978 and substantial pretrial proceedings were had. The plaintiff's motion for disqualification was not brought on until almost two years later, in January, 1980. The motion should have been denied in view of the facts contained in this record showing full knowledge of the representation by all of the parties; the inordinate and inadequately explained delay in moving for disqualification *(Thomas Supply & Equip. Co. v White Fathers of Africa,* 53 AD2d 607); and the lack of any substantial relationship between the issues in this litigation and the subject matter of the prior representation *(Ashbaugh v West 13th St. Owners,* 77 AD2d 842). Concur. — Sullivan, J. P., Carro, Silverman and Bloom, JJ.