■ Jerome H. Barr et al., as Executors of Milton Kaufman, Deceased, Appellants, v Hyman Raffe, Respondent and Third-Party Plaintiff, et al., Third-Party Defendants. — Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered on or about January 7, 1985, which granted defendant Raffe's motion to remove a prior 1982 disqualification of George Sassower as his attorney, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs and disbursements, and the motion denied.

The record reflects that Sassower had been disqualified by order of Justice Sinclair, entered February 1, 1982, which was unanimously affirmed on appeal (94 AD2d 988). In directing disqualification, Special Term referred to the fact that Sassower had previously represented the third-party defendants, thus posing a clear conflict of interest in terms of his representing defendant and third-party plaintiff Raffe against his former clients. Thereafter, plaintiffs obtained summary judgment on liability and an immediate assessment was directed, which assessment has never been held, in part as a result of overwhelming, extensive and exhaustive motion practice in this and collateral actions. It is asserted that despite the disqualification, Sassower continued to represent Raffe by appearing at conferences and arguments and in preparing papers, albeit Raffe gave the impression he was proceeding *pro se.* The extensive motion

practice ultimately led to an order from the administrative judge which directed that any further applications to reargue or renew may only be brought on by order to show cause, signed by the justice who had rendered the original determination.

The record reflects that since 1982, 10 separate motions were made to vacate the disqualification, each of which was denied. On December 21, 1984, which was three days prior to the return date of the motion, the subject of this appeal, jury selection was about to commence on the assessment of damages trial. Once again, Raffe moved, this time before Justice Kuffner, to vacate the disqualification of Sassower. In support of the application, defendant pointed to the fact that, on the eve of trial, he had discontinued the third-party action with prejudice, thus eliminating the original conflict of interest claim, and, thereby, Sassower should be reinstated as his attorney. This motion was likewise denied.

There is no dispute that the motion before Justice Danzig sought the identical relief previously denied by Justice Kuffner and, under the circumstances, CPLR 2221 required that the application, which was essentially one for reargument, be made before the same justice who had decided the original motion. Further, the motion violated the directive contained in the order of the administrative judge, that the application be to the justice who had made the original determination, in this case Justice Sinclair, who had disqualified Sassower three years earlier, in October 1981.

While, on the surface, the discontinuance of the third-party action would appear to have eliminated the original basis of a conflict of interest, on review of the record and all of the circumstances in this and the related collateral proceedings, we take into account that more than three years had elapsed between the time of the original disqualification and the discontinuance of the third-party action. The equitable doctrine of laches has been held applicable where there was an inordinate and inadequately explained delay in moving for disqualification (see, Lewis v Unigard Mut. Ins.Co., 83 AD2d 919, 920; Thomas Supply & Equip. Co. v White Fathers, 53 AD2d 607; Packer v Rapoport, 275 App Div 820, revg 88 NYS2d 118). Under all of the circumstances, and the lengthy history of this litigation, we conclude that the same equitable considerations apply to bar the relief sought on behalf of this attorney, namely, the vacatur of his prior disqualification. In reaching this result, we have taken into account the unnecessary burden imposed upon the court by the repeated motions for the same relief, the failure to adhere to appropriate procedure and the right of plaintiff to have an

immediate determination of the damages issue. Concur — Murphy, P. J., Kupferman, Sullivan, Kassal and Rosenberger, JJ.