■ STUART R. PEARL, Respondent, v 305 EAST 92ND STREET CORP. et al., Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered July 13, 1989, which denied defendants' motion to dismiss the complaint as against defendants' attorneys, Rosenberg & Estis, and granted plaintiff's motion to disqualify Rosenberg & Estis as defendants' counsel, unanimously reversed, on the law and the facts, the motion to dismiss the complaint as against Rosenberg & Estis granted, and the motion to disqualify the law firm denied, with costs.

This is a wrongful eviction action by a tenant against his erstwhile landlord, 305 East 92nd Street Corp. (305 Corp.), and the managing agent of his multiple dwelling, City Views Real Estate, Inc. (Views, Inc.), in which he has also joined as a defendant the law firm of Rosenberg & Estis, P. C. (R&E), which at all pertinent times represented 305 Corp. and Views, Inc. The complaint asserts five causes of action: (1) forcible and unlawful entry and detainer; (2) a claim under RPAPL 713 on the same theory; (3) a claim under RPAPL 853; (4) trespass; and (5) retaliatory eviction. An essential ingredient of these causes of action (with the possible exception of No. 4) is a landlord-tenant relationship between the dominant adverse parties. Each count of the complaint is pleaded against all three "defendants" indiscriminately, except for a single reference (para 37) to R&E as "officers of this Court" who are supposedly responsible for plaintiff's wrongs as "knowledgeable practitioners of the relevant law." However, advice of counsel with respect to a client's course of conduct, even if pleaded as "condonation", does not thereby and without more metamorphose into a cause of action by a third party against that counsel. In *Green v Fischbein Olivieri Rozenholc & Badillo* (119 AD2d 345, 348), we held in a virtually identical factual situation: "It is clear that the causes of action premised entirely on the landlord-tenant relationship should be dismissed as against the law firm. The tenth cause of action, sustained by Special Term as a cause of action for retaliatory eviction, is properly pleaded against the landlord (Real Property Law § 223-b [3]). Sufficient is alleged to sustain the cause of action as a pleading. However, this cause is not properly pleaded against the law firm since it emanates solely from the landlord-tenant relationship between plaintiff and Walentas."

Nor does a generalized allegation of "conspiracy" serve to fashion a cause of action against R&E *(Alexander & Alexander v Fritzen,* 68 NY2d 968). Thus IAS erred in not granting R&E's motion to dismiss.

In disqualifying R&E from continuing as counsel to 305 Corp. and Views, Inc., IAS cited a potential conflict of interest between counsel and its co-party-defendant clients. This issue has now been rendered moot by the removal of R&E as a party defendant, but even if R&E had remained in the action, no conflict in any relevant sense is discernible here *(Green v Fischbein, Olivieri, Rozenholc & Badillo,* 135 AD2d 415, 420-421 *[Green II]).* If plaintiff himself were implicated in the "conflict" that would be another story, but plaintiff's alleged solicitude for potential conflict between his adversaries is totally rejected by the defendant clients themselves, which should have concluded the court's inquiry on this score. The alternative ground for the court's disqualification ruling was a potential collision with the "advocate witness" rule (Code of Professional Responsibility DR 5-102). This ground is without merit, since the associate attorney of R&E who negotiated with plaintiff's legal representative with respect to plaintiff's purported "abandonment" of his apartment is not an "obvious" witness under DR 5-102 (A). That would be a prerequisite for the drastic remedy of disqualification here, inasmuch as the mentioned negotiations, if relevant and admissible at all, are reflected in ample correspondence, and plaintiff has a witness under his control who can testify upon the matter *(Plotkin v Interco Dev. Corp.,* 137 AD2d 671, 674). Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.