■ STRONGBACK CORPORATION, Respondent, v N.E.D. CAMBRIDGE AVENUE DEVELOPMENT CORP., Appellant, and CHRISTOPHER GEORGOULIS et al., Respondents, et al., Defendants. [823 NYS2d 357]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered September 23, 2005, which, to the extent appealed from, denied NED's motion to disqualify defendants-respondents Georgoulis & Associates, PLLC and Christopher Georgoulis from representing plaintiff (Strongback), unanimously affirmed, with costs.

Plaintiff Strongback was a general contractor on a residential development project. It had been hired by defendant NED, the owner of the property, to oversee the construction of five three-family homes. The parties' contract provided that the work was to be completed within one year. After nine months, NED's representatives did an inspection and observed that limited work had been completed. NED then terminated the contract.

Strongback brought this action alleging breach of contract and for foreclosure of a mechanic's lien. Strongback moved to enforce the lien, and, before serving its answer, NED cross-moved to vacate the lien as void and willfully exaggerated. On a prior appeal, we agreed with NED's position, stating: "The record establishes that this is not a case involving a mere inaccuracy or honest mistake in setting the amount of the lien. [Strongback] concedes that it received $238,000 from NED. The primary evidence of the value of [Strongback's] work is NED's concession that $85,081 in labor and materials was supplied to the project. Even [Strongback's] own invoice reflects a value of only $122,395 in completed work ($9,500 for tree clearing, $44,007 for excavation and backfill and $68,888 for foundation work). Thus, overlooking the question of whether the sum sought for overhead is lienable, at the time the mechanic's lien was filed, [Strongback] had been overpaid in the amount of at least $115,605, and its filing of the lien was altogether without justification. These facts conclusively establish that the lien was wilfully exaggerated, leaving only the issue of damages to be determined" (25 AD3d 392, 393-394 [2006] [citations omitted]).

Before our order was entered on the prior appeal, NED filed a

summons and answer. In those pleadings, it added Strongback's attorneys as additional defendants, and it asserted two counterclaims specifically alleging that Strongback's counsel, Christopher Georgoulis and Georgoulis & Associates, PLLC, were responsible for the exaggerated lien. NED subsequently moved to have plaintiff's counsel disqualified, based upon the "advocate witness rule," and an alleged conflict with their client. The IAS court denied this motion. We affirm.

The advocate witness disqualification rules in the Code of Professional Responsibility provide guidance as to situations where a party's attorneys, at its adversary's insistence, should be disqualified during the course of litigation (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440 [1987]). However, disqualification decisions cannot be made without consideration of the principle that a civil litigant has a fundamental right to counsel of its choice (*see Lightning Park v Wise Lerman & Katz*, 197 AD2d 52 [1994]).

NED's counterclaims baldly allege that Strongback's attorneys were liable for the exaggeration of the lien because they "signed, verified and filed" it. However, NED, the party bearing the burden on the motion, has not presented facts which would support the allegation of a conflict, that counsel was involved in the underlying transactions, or calculation of the amount of the lien (*see 212 E. 10 N.Y. Bar v Samel & Assoc.*, 249 AD2d 220 [1998]). As the IAS court noted, the record in this case is rife with motion practice, and it shows that there has been little or no substantive discovery. Courts adjudicating disqualification motions must be mindful of the possibility that the motion is made for improper reasons, to "stall and derail the proceedings, redounding to the strategic advantage of one party over another" (*S & S Hotel Ventures*, 69 NY2d at 443; *see generally Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 149 [1994], *affd* 87 NY2d 826 [1995]). It appears from the record that counsel's knowledge was limited to the facts given to them by their client.

Contrary to NED's current position, this Court's prior order did not resolve against Strongback's attorneys the issue of their liability for the exaggerated lien. NED has not demonstrated that testimony from Strongback's attorneys will be necessary at any joint trial (*see S & S Hotel Ventures*, 69 NY2d at 445-446).

Accordingly, it was a proper exercise of the court's discretion to deny defendant's motion. In addition, to the extent NED's motion is based on its ostensible solicitude for potential conflict between his adversaries, the IAS court did not err in denying the motion on this ground (*Pearl v 305 E. 92nd St. Corp.*, 156

AD2d 122, 123 [1989]). Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.