■ ALEXANDER ROSIN, Appellant, v MARTIN R. WEINBERG, Respondent. [966 NYS2d 209]—

In an action to set aside a stipulation of discontinuance, gen-

eral release, and hold-harmless agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered December 21, 2011, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that on the Court's own motion, the notice of appeal dated February 7, 2012, is deemed to be a notice of appeal by the plaintiff (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (*see* CPLR 3026), "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). Where a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment (*cf.* CPLR 3211 [c]), "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860 [2013]; *Sokol v Leader*, 74 AD3d 1180, 1182 [2010]).

Here, the plaintiff sought to set aside a stipulation of discontinuance, general release, and hold-harmless agreement (hereinafter the settlement documents) on the grounds of unilateral mistake (*see Yorker v Daniel Yorker, Ltd.*, 12 AD3d 506, 506 [2004]; *Long v Fitzgerald*, 240 AD2d 971, 974 [1997]; *Matter of Goldman v Goldman*, 201 AD2d 860, 861 [1994]; *William E. McClain Realty v Rivers*, 144 AD2d 216, 218 [1988]) and unconscionability (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-12 [1988]). In his complaint, the plaintiff essentially alleged that he was not aware that the $40,000 which the defendant gave him in exchange for, inter alia, discontinuing the underlying legal malpractice action consisted of escrow funds that already belonged to the plaintiff. The evidentiary material submitted by the defendant in support of his motion demonstrated that the plaintiff's alleged unawareness of the source of the settlement funds was not a fact at all, and that there was no

significant dispute regarding that allegation. Specifically, the defendant's submissions conclusively demonstrated that the terms of the settlement documents were clear and unambiguous, that the settlement documents were reviewed by the plaintiff and his counsel and were executed by the plaintiff in his counsel's office, and that the source of the $40,000 was readily apparent from the face of the settlement documents.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a). Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.