OPINION OF THE COURT
SCHOENFELD, J.
Order entered December 15, 2011, modified to deny in its entirety plaintiffs motion to disqualify defense counsel; as modified, order affirmed, without costs. On the court’s own motion, the notice of appeal dated January 10, 2012 is deemed to be a notice of appeal by defendant Sanders Construction Corporation (see Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]; Rosin v Weinberg, 107 AD3d 682, 683 [2013]).
At issue on this appeal is whether Civil Court abused its discretion in granting plaintiffs disqualification motion to the extent of disqualifying the law firm of Morelli Ratner EC. from continuing to represent defendant Sanders in this action. We are of the view that, in the circumstances of this case, plaintiffs motion should have been denied in toto.
The underlying action, seeking damages for work, labor and services allegedly rendered by the plaintiff subcontractor, and on an account stated, is relatively simple and straightforward. Defendant Sanders was the general contractor on the renovation project, and the Morelli defendants, husband and wife, own the home that was to be renovated. All three defendants are represented by Morelli Ratner EC., of which defendant Morelli is a member. Flaintiff asserts that the interests of the Morelli and Sanders defendants “will be at odds” because “if the Morellis are successful on their claim that they lack privity with plaintiff, Sanders will be left solely responsible for plaintiffs damages.” Defendants counter by alleging that no conflict exists “because their positions are wholly aligned in asserting that no money is owed to the plaintiff.” In granting plaintiff’s disqualification motion, Civil Court surmised that “as the matter progresses” defendants’ “position may diverge,” i.e., that “a challenge may emerge between [Sanders] and the [Morelli defendants] as the issue of possible liability is raised” (emphasis added).
*80 As a threshold matter, plaintiff, which is neither the present nor former client of the law firm of Morelli Ratner EC., did not have standing to seek the law firm’s disqualification from dual representation of the defendants (see Hall Dickler Kent Goldstein & Wood, LLP v McCormick, 36 AD3d 758, 759 [2007]; Ogilvie v McDonald’s Corp., 294 AD2d 550, 552 [2002]).
Even putting aside any standing barrier, disqualification was not justified on the merits. A litigating party has a “fundamental right to counsel of its choice” (Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp., 32 AD3d 793, 794 [2006]), and it has been said that “defendants may not be deprived of the choice of counsel merely on the basis of their adversary’s allegation that there exists the possibility of a conflict of interest [between] defendants” (Rowe v De Jesus, 106 AD2d 284, 284 [1984]; see Pearl v 305 E. 92nd St. Corp., 156 AD2d 122, 123 [1989]). There may be any number of reasons for defendant Sanders’ decision to retain this particular law firm, including, as a practical matter, favorable fee terms or a work for services arrangement between general contractor and homeowner. Whatever the reason(s) for the hiring, Sanders’ choice of counsel should not lightly be cast aside. It need also be emphasized that plaintiff, in moving for disqualification, has expressed in no uncertain terms its frustration with the litigation tactics engaged in by defense counsel, voicing concerns that “defendants are determined to drag this action out as long as possible.” We note, in this connection, that courts “adjudicating disqualification motions must be mindful of the possibility that the motion is made for improper reasons . . . redounding to the strategic advantage of one party over another” (Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp., 32 AD3d at 794 [internal quotation marks omitted]; see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 638 [1998]).
In any event, disqualification is unwarranted at this juncture of the litigation where, as plaintiff concedes, “discovery is just being started.” As our Appellate Division recently stated in parallel circumstances: “At this early stage, defendants[ ] appear to be presenting a unified defense. Thus, any potential conflict is speculative at present.” (Twin Sec., Inc. v Advocate & Lichtenstein, LLP, 97 AD3d 500, 501 [2012].)
Lowe, III, EJ., and Hunter, Jr., J., concur.