■ XIA-PING WANG, Respondent, v DIAMOND HILL REALTY, LLC, et al., Defendants, and NEW YORK FOOD & DRINK FLUSHING, INC., Appellant. [984 NYS2d 76]—

In an action to recover damages for personal injuries, the defendant New York Food & Drink Flushing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated May 1, 2012, as denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly slipped and/or tripped and fell at or near certain premises located in Flushing, which were owned by the defendant Diamond Hill Realty, LLC (hereinafter Diamond Hill). As a result, the plaintiff commenced this action against, among others, Diamond Hill and the defendant New York Food & Drink Flushing, Inc. (hereinafter New York Food), the alleged tenant of the premises. Prior to serving an answer, New York Food moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, contending that, at the time of the accident, it had not yet taken possession of the premises because the premises were occupied by a holdover tenant. The Supreme Court denied the motion.

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted where the documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law (*see Goshen v*

*Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.*, 108 AD3d 634 [2013]; *Palmieri v Biggiani*, 108 AD3d 604 [2013]; *Shuttle Contr. Corp. v Peikarian*, 108 AD3d 516 [2013]). Materials that clearly qualify as "documentary evidence" include "documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable'" (*Sands Point Partners Private Client Group v Fidelity Natl. Tit. Ins. Co.*, 99 AD3d 982, 984 [2012], quoting *Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010]; *see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 22). Contrary to New York Food's contention, affidavits do not qualify as "documentary evidence" for purposes of a motion to dismiss pursuant to CPLR 3211 (a) (1) (*see Flushing Sav. Bank, FSB v Siunykalimi*, 94 AD3d 807 [2012]; *Fontanetta v John Doe 1*, 73 AD3d at 85-86; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]). Here, the affidavits submitted by New York Food were not proper documentary evidence, and its submission of the stipulation of settlement between Diamond Hill and the purported holdover tenant failed to conclusively establish that it was not in possession of the premises at the time of the accident.

"On a motion to dismiss [a] complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d at 87). "Where a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment (*cf.* CPLR 3211 [c]), 'the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (*Rosin v Weinberg*, 107 AD3d 682, 683 [2013], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Vermont Mut. Ins. Co. v McCabe & Mack, LLP*, 105 AD3d 837, 839 [2013]; *Sokol v Leader*, 74 AD3d 1180, 1181-1182 [2010]). Affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 (a) (7) unless they "establish conclusively that plaintiff has no cause of action" (*Rovello v*

*Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]; *Rozell v Milby*, 98 AD3d 960, 961 [2012]).

Here, contrary to New York Food's contention, the affidavits of its vice president and the stipulation of settlement between Diamond Hill and the purported holdover tenant did not demonstrate that no significant dispute exists as to whether it had assumed control over the premises at the time of the accident.

Accordingly, the Supreme Court properly denied New York Food's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31211(U).]**