Brathwaite v Eubanks (2025 NY Slip Op 00943)

Brathwaite v Eubanks

2025 NY Slip Op 00943

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02093
 (Index No. 508228/20)

[*1]James Brathwaite, respondent,
v
Clarissa Eubanks, appellant.

The Eubanks Law Firm, PLLC, New York, NY (Renee Eubanks of counsel), for appellant.
Isaacson, Schiowitz, & Korson, LLP, Rockville Centre, NY (Martin Schiowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 6, 2023. The order denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he alleged that he sustained in November 2018, when he fell down the front steps of a building owned by the defendant. The defendant moved, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff opposed. In an order dated January 6, 2023, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm.
Generally, on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d 767, 768 [internal quotation marks omitted]; see Yu Chen v Kupoint (USA) Corp., 160 AD3d 787, 788). In assessing a motion under CPLR 3211(a)(7), a court may consider supplemental pleadings, affidavits, or other evidence submitted by the plaintiff to remedy any defects in the complaint (see Yu Chen v Kupoint (USA) Corp., 160 AD3d at 788).
When evidentiary material is submitted in support of a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one (see Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d at 768; Nunez v Mohamed, 104 AD3d 921, 922). However, the motion must be denied "unless it has been shown that a material fact as claimed by the [pleader] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d at 768 [internal quotation marks omitted]).
Here, the plaintiff asserted a cognizable cause of action to recover damages for common-law negligence (see Torres v City of New York, 153 AD3d 647, 649; Phillips v Taco Bell Corp., 152 AD3d 806, 808). The plaintiff alleged, inter alia, the existence of a defect, that the defendant had actual or constructive notice of that defect, that it existed for a sufficient amount of time for the defendant to remedy it, and that the defect was the proximate cause of his fall (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764).
Contrary to the defendant's contentions, the records she submitted were insufficient to establish that "a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Phillips v Taco Bell Corp., 152 AD3d at 808). Although the records submitted revealed that a violation had not been issued with respect to the front steps, the "absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles" (Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d at 764 [internal quotation marks omitted]; see Cabanas v Qiu Yu Zou, 215 AD3d 726, 728-729).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court