Matter of Coast Mar. Co. Ltd. v Holland & Knight LLP (2025 NY Slip Op 06273)

Matter of Coast Mar. Co. Ltd. v Holland & Knight LLP

2025 NY Slip Op 06273

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 650051/25|Appeal No. 5184|Case No. 2025-04164|

[*1]In the Matter of Coast Marine Company Limited, Petitioner-Respondent,
v
Holland & Knight LLP et al., Respondents-Appellants.

Holland & Knight LLP, New York (Trisha M Rich of counsel), for appellants.
Anderson Kill P.C., New York (Jeremy B. Shockett of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 18, 2025, which, to the extent appealed from, granted the petition to disqualify respondents from representing Integr8 Fuels Inc. and Integr8 Fuels Asia Pte Ltd. (together Integr8) in an arbitration, unanimously reversed, on the law and in the exercise of discretion, with costs, and that part of the petition denied.
In February 2020, respondent Holland & Knight (H&K) entered into an engagement letter with nonparty Stigma Shipbuilding Ltd. to represent it in an arbitration. H&K's Terms of Engagement, which were attached to its engagement letters with Stigma, clearly state that H&K is representing only Stigma, not its parent, subsidiaries, or affiliates. Stigma — a special purpose entity — was managed by Blumenthal Asia Pte Ltd. Blumenthal Asia was not an affiliate of Stigma.
In March 2022, petitioner brought an arbitration in New York against Integr8, which retained H&K as counsel. Petitioner — another special purpose entity — was originally managed by Johann M.K. Blumenthal GmbH & Co. KG (Blumenthal Germany), and then, in April 2023, according to petitioner, management was transferred to Blumenthal Asia. However, during the arbitral hearing a representative of Blumenthal Asia stated that petitioner was managed by Blumenthal Germany. Two years after commencing the arbitration, petitioner sought to have H&K disqualified, arguing that H&K formed an attorney-client relationship with Blumenthal Asia, and thus petitioner, through its representation of Stigma in the prior unrelated arbitration.
The court incorrectly granted the petition to disqualify H&K. Even if Blumenthal Asia was also H&K's client by virtue of its representation of Stigma in a prior unrelated arbitration (see e.g. Atrotos Shipping Co., S.A. v The Swedish Club, 2002 WL 1041221, *4, 2002 US Dist LEXIS 9018, *11-12 [SD NY, May 23, 2002, No. 02 Civ. 416(RPP)]), petitioner, which was managed by Blumenthal Germany at the time the alleged conflict arose, failed to show that the attorney-client relationship between H&K and Blumenthal Asia somehow transferred over to Blumenthal Germany and then to petitioner.
Even if petitioner could somehow be considered H&K's client, it waived any conflict by waiting more than two years to move to disqualify H&K (see St. Barnabas Hosp. v New York City Health & Hosps. Corp., 7 AD3d 83, 90 [1st Dept 2004]; Lewis v Unigard Mut. Ins. Co., 83 AD2d 919, 920 [1st Dept 1981]).
Finally, the court failed to consider the prejudice to Integr8 if respondents were disqualified, including the additional costs of retaining new counsel and the resultant delay in the arbitration (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]; Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 154 [1st Dept 1994], affd 87 NY2d 826 [1995]; Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp., 32 AD3d 793, 794 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025