Etimos v Casa Bella Prop. Mgt., LLC (2025 NY Slip Op 07282)

Etimos v Casa Bella Prop. Mgt., LLC

2025 NY Slip Op 07282

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11760
 (Index No. 523866/22)

[*1]Elias Etimos, respondent, 
vCasa Bella Property Management, LLC, et al., appellants.

Landman Corsi Ballaine & Ford P.C., New York, NY (Tina S. Bhatt and Daniel J. Tarolli of counsel), for appellants.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 14, 2023. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
On June 26, 2021, the plaintiff allegedly tripped over a defective sidewalk flag and fell, sustaining personal injuries. The subject sidewalk (hereinafter the sidewalk) abutted the back of certain homes within a housing development known as Stonecrest Court. The defendant Stonecrest Homeowners Association (hereinafter the Association) was responsible for maintaining the common elements of the housing development. The Association retained the defendant Casa Bella Property Management, LLC, to maintain said common elements as of March 1, 2020, replacing its prior property manager, the defendant Dome Property Management. The plaintiff commenced this action to recover damages for personal injuries against the defendants, alleging that the defendants owned the properties abutting the sidewalk and that the plaintiff's fall was the result of the defendants' negligence in maintaining the sidewalk. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, among other things, that they did not own the abutting real property and, therefore, had no duty to maintain the sidewalk. The Supreme Court denied the motion. The defendants appeal.
"Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Russo v Crisona, 219 AD3d 920, 922, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [internal quotation marks omitted]).
"'On a motion to dismiss [a] complaint pursuant to CPLR 3211(a)(7) for failure to [*2]state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d 767, 768, quoting Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704). "Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Rovello v Orofino Realty Co., 40 NY2d 633, 636). However, "'[w]here a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment (cf. CPLR 3211[c]), the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d at 768 [internal quotation marks omitted], quoting Rosin v Weinberg, 107 AD3d 682, 683; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
As applicable here, the Administrative Code of the City of New York § 7-210(b) provides that "the owner of real property abutting any sidewalk . . . shall be liable for any . . . personal injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition." "Prior to the effective date of section 7-210, New York City was liable for all personal injuries caused by the negligent failure to properly maintain the sidewalks. Section 7-210 'was enacted for the purposes of transferring tort liability from the City to certain adjoining property owners as a cost-saving measure'" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 173-174, quoting Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 795).
Here, the defendants submitted evidentiary material, including deeds, in support of their motion, demonstrating that the individual homeowners within the housing development owned the real property abutting the sidewalk. This showing utterly refuted the plaintiff's factual allegations that the defendants owned the real property abutting the sidewalk, thereby conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). Furthermore, this showing also demonstrated that the plaintiff had no cause of action, as the duty to maintain a public sidewalk arises from ownership of abutting real property (see Administrative Code § 7-210(a); Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 173; see also Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d at 768).
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court