■ IRWIN KATZ, Appellant, v AMERICAN TECHNICAL INDUSTRIES, INC., et al., Respondents. (And a Second Action.) — Appeals by plaintiff (1) from a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated November 4, 1981, which, *inter alia,* granted defendants' motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss his complaint in his breach of contract action and (2) from an order of the same court (Daronco, J.), dated September 30, 1982, which, *inter alia,* granted defendants' motion pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss plaintiff's complaint in his action for, *inter alia,* reformation and punitive damages. Judgment affirmed, without costs or disbursements. Order modified, by granting defendants' motion only insofar as it relates to plaintiff's claim for punitive damages and said motion is otherwise denied. As so modified, order affirmed, without costs or disbursements. By agreement dated November 23, 1977, the plaintiff Irwin Katz and defendant American Technical Industries, Inc. (hereinafter ATI) entered into a written contract which, *inter alia,* designated plaintiff as ATI's financial vice-president and treasurer. By agreement dated April 1, 1978, the parties modified the contract by increasing the plaintiff's compensation and extending its termination date from November 30, 1980 to December 1, 1982. Pursuant to a tender offer dated September 18, 1980, defendant Papercraft Corporation (hereinafter Papercraft) acquired control of ATI. Thereafter, in a letter dated March 26, 1981, Papercraft apprised plaintiff of its decision to move ATI's operations from Mount Vernon, New York, to Pittsburgh, Pennsylvania, and informed plaintiff that "We want you to continue in the Company's employ by joining us in Pittsburgh. You will be expected to perform the same duties as you are presently performing and you will be entitled to receive the same salary which you are presently receiving. The Company's present contractual commitments to you will be honored in all respects as a Company employee in Pittsburgh. In addition we will defray all reasonable moving expenses which may be incurred by you in moving to Pittsburgh, and based upon your years of employment and salary level, we will also pay you a $3000 relocation allowance upon your move." On April 8, 1981, plaintiff informed ATI and Papercraft in writing that he would not move to Pittsburgh, and on May 13, 1981, ATI informed plaintiff that his employment was terminated effective May 29, 1981. Plaintiff commenced an action to recover damages for breach of contract; in which he alleged that the defendants violated the employment agreement and representations made in connection with his employment by attempting to transfer him to Pittsburgh and by attempting to change his position. Essentially, the plaintiff claimed that when he agreed to become ATI's financial vice-president the company's representatives had assured him that he would not have to relocate in order to retain his position with ATI, and that the company wrongfully abolished his title. Defendants moved to dismiss plaintiff's complaint on the ground that it failed to state a cause of action and plaintiff cross-moved, *inter alia,* for summary judgment. Defendants claimed, and Special Term found, that the parol evidence rule precluded plaintiff from proving the claimed oral representations which would vary the terms of the parties' written employment agreement. We agree. The parol evidence rule prohibits the introduction of evidence outside a written agreement for the purpose of

varying or adding to such an agreement, especially when, as here, the written agreement includes a merger clause (*Fogelson v Rackfay Constr. Co.,* 300 NY 334, 340). The merger clause at bar provided in relevant part that "[t]his agreement constitutes the entire understanding between the Company and the Employee". Special Term, therefore, properly concluded that "[a]ny effect [*sic*] now to try to add a condition which would change the obligations of the parties * * * would be inadmissible under the terms of the Parole [*sic*] evidence Rule." As can be seen from the above-quoted language, Papercraft informed the plaintiff in writing that on moving to Pittsburgh, he would be expected to perform the same duties he had been performing and would receive the same salary he had been receiving. Papercraft also assured plaintiff that it would honor all contractual commitments to him. Special Term concluded that the subject employment contract did "not guarantee plaintiff a particular title so much as particular duties" and properly dismissed plaintiff's cause of action based on the allegation that defendants intended to substantially change his title and rank. Following the dismissal of the breach of contract action, plaintiff instituted an action for, *inter alia,* reformation of the employment contract. Plaintiff alleged that the parties failed to include the clause limiting his employment to the New York area due to mutual mistake. Defendants moved for dismissal of plaintiff's complaint asserting that the complaint was barred by the Statute of Frauds, failed to state a cause of action, and that it failed to state in detail, the circumstances constituting the alleged mistake. Special Term dismissed the complaint pursuant to the Statute of Frauds because the employment agreement could not, by its terms, be performed within one year of the making. In *Friedman & Co. v Newman* (255 NY 340, 346) the Court of Appeals stated that courts have the "equitable power to correct [a] mistake in a written instrument constituting a jural act, which at law could not be varied by parol, and then to give effect to the instrument as corrected, in spite of the provisions of the Statute of Frauds". Consequently, the Statute of Frauds does not bar reformation of the written contract herein. In considering a motion to dismiss a complaint, a court must draw all inferences favorable to the plaintiff. In his complaint, plaintiff asserts that the clause limiting the geographic area of his employment was omitted because neither he nor ATI's representatives instructed the drafter of the written agreement to include that provision. Thus, in our view, plaintiff's complaint in his suit for reformation not only states a cause of action based on mutual mistake, but also adequately sets forth the alleged mistake in sufficient detail and it should not have been dismissed. However, the order dismissing the complaint is affirmed insofar as it concerned plaintiff's demand for punitive damages which are not available to vindicate private contract rights (*Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.