OPINION OF THE COURT
Memorandum.
The judgment of the Supreme Court and the prior nonfinal order of the Appellate Division brought up for review should be affirmed, with costs.
The Appellate Division majority correctly concluded that there were factual issues requiring that plaintiffs’ motion for summary judgment be denied. In the context of the entire agreement the phrase "all of the employees covered by this Agreement” is ambiguous, for it may be understood as either referring only to employees who are members of the signatory locals or to any employee performing work within the territo *871 rial jurisdiction of such locals of a character listed in appendix A, whether or not a member of such local.
We disagree, however, with the Appellate Division’s conclusion that the agreement specifically provided that questions or disputes arising thereunder should be negotiated with the union representatives. The Appellate Division majority did not indicate the provision or provisions of the agreement which, in its view, invested the union representatives with such power. The only provisions of the contract for either period that are conceivably germane are article 8 relating to jurisdictional disputes and article 12 establishing an arbitration and grievance procedure. The latter is clearly inapplicable for section 12.5 specifically provides that "[violations concerning * * * Pension, Health and Welfare payments shall not be subject to the grievance procedure.” Moreover, article 8 by its reference to "the crafts involved” in a "jurisdictional dispute” makes clear that it deals only with who can perform work within the Teamsters’ jurisdiction, not with payments to pension or health and welfare funds. The more particularly is this so in view of the limitation with respect to payments in section 12.5 quoted above.
Inasmuch as there was an issue of fact concerning whether the employees in question were covered by the agreement, summary judgment was properly denied.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.