■ HOWARD BURGER, Appellant-Respondent, v BROOKHAVEN MEDICAL ARTS BUILDING, INC., et al., Respondents-Appellants, and PATCHOGUE REALTY ASSOCIATES, Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 3, 1986, as denied his motion for partial summary judgment; (2) the defendants Brookhaven Medical Arts Building, Inc. (hereinafter Brookhaven), Paul C. Maggio, and Michael Bivona cross-appeal from so much of the same order as denied their motion to dismiss the complaint insofar as it is asserted against them for failure to state a cause of action and upon documentary evidence; and (3) the defendants Block & Hamburger, and Frederic Block appeal from so much of the same order as denied their motion to dismiss the complaint insofar as it is asserted against them for failure to state a cause of action.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied the motion by the defendants Block & Hamburger and Frederic Block, to dismiss the complaint insofar as it is asserted against them for failure to state a cause of action, and substituting therefor a provision granting that motion, and severing the action insofar as it is asserted against the remaining defendants, and (2) adding a provision thereto dismissing the plaintiff's claim for punitive damages; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Block & Hamburger and Frederic Block, payable by the plaintiff.

On September 14, 1984, the plaintiff Howard Burger entered into a contract with the defendant Brookhaven for the purchase of the property and building known as the Brookhaven Medical Arts Building. The contract was negotiated by the plaintiff's attorney, Robert N. Cooperman and by the defendant Frederic Block on behalf of Brookhaven. The original closing date was set for January 2, 1985; however, time was not made of the essence, and the closing was subsequently adjourned sine die because of some confusion concerning the title. Thereafter, the deal was never consummated. The record reveals much controversy over the issue of whether or not a new closing date was set. In any event, the property was ultimately sold by Brookhaven to the defendant Patchogue Realty Associates on April 18, 1985. On or about June 3, 1985,

the plaintiff filed a lis pendens on the property, and subsequently instituted this action seeking specific performance of the contract as well as damages based upon tortious interference with the contract. In November 1985 the plaintiff moved for partial summary judgment against Brookhaven and Patchogue Realty Associates and for an order severing his claims for damages for trial. By separate motions, the defendants simultaneously moved to dismiss the complaint and/or for summary judgment. Special Term denied all motions, with leave to reassert each or any of them following completion of discovery.

Regarding the denial of the plaintiff's motion for partial summary judgment and the defendant Brookhaven's motion to dismiss the complaint, we agree with Special Term that summary relief is inappropriate at this time. Summary judgment has been termed a drastic measure and it should not be granted if there is any question as to the existence of a triable issue of fact (see, Ugarriza v Schmieder, 46 NY2d 471; Andre v Pomeroy, 35 NY2d 361; Cole v Lawas, 116 AD2d 936). At bar, a review of the affidavits and documentary evidence submitted by the defendants in opposition to the motion for summary judgment clearly reveals the existence of questions of fact as to whether or not the date of the alleged default was ever set, whether performance was actually tendered by either party, and whether any rights were waived by the parties. On the record before us, it cannot be determined as a matter of law that the plaintiff is entitled to specific performance, and therefore summary judgment was properly denied so that the factual question of who defaulted on the contract may be determined.

Likewise, with regard to the motion for dismissal of the complaint as against the defendants Bivona and Maggio in their individual capacities, Special Term properly denied the motion at this time pending discovery. While it is true that a corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer, the evidence must clearly show that he did not commit independent torts or predatory acts directed at the other party (see, Murtha v Yonkers Child Care Assn., 45 NY2d 913). The instant record contains allegations of such independent acts, sufficient to preclude summary dismissal of the complaint at this time.

With regard to the motion for dismissal of the complaint insofar as it is asserted against the defendant Frederic Block

and his law firm Block & Hamburger, we disagree with Special Term's denial of that motion. Inasmuch as the relationship created between an attorney and his client is that of principal and agent *(see,* 6 NY Jur 2d, Attorneys at Law § 82, *et seq.),* an attorney is not liable for inducing his principal to breach a contract with a third person, at least where he is acting on behalf of his principal within the scope of his authority *(Murtha v Yonkers Child Care Assn., supra,* 45 NY2d 913; *Kartinganer Assocs. v Town of New Windsor,* 108 AD2d 898; *Finkelstein v Kesalp Realty Corp.,* 279 App Div 939, *rearg denied* 279 App Div 1077). Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client *(Levine v Graphic Scanning Corp.,* 87 AD2d 755; *Hahn v Wylie,* 54 AD2d 629). Moreover, it is well established that an essential element of a cause of action to recover damages for intentional interference with contractual relations is the intentional procurement of a breach by the defendant *(see, Bevilacque v Ford Motor Co.,* 125 AD2d 516; *Gregoris Motors v Nissan Motor Corp.,* 80 AD2d 631, *affd* 54 NY2d 634). At bar, the plaintiff's pleadings failed to sufficiently allege that Block or his law firm acted outside the scope of their authority. Accordingly, the complaint is dismissed as against these defendants.

Lastly, although Special Term did not address so much of the complaint as concerned the plaintiff's demand for punitive damages, this type of relief is not available to vindicate private contract rights *(see, Katz v American Tech. Indus.,* 96 AD2d 932). It is well settled that the mere showing of bad faith by establishing a dishonest failure to carry out a contract is not sufficient to award punitive damages *(see, Philips v Republic Ins. Co.,* 108 AD2d 845, *affd* 65 NY2d 1000, *on decision at App Div).* Thus, the plaintiff's claim for punitive damages must be dismissed.

We have considered the remaining contentions of the parties and find them to be without merit. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.