■ THOMAS CIRAOLO, Respondent, v HERBERT MILLER et al., Appellants.—In an action to recover damages for breach of a commercial lease, the defendants appeal from a judgment of the Supreme Court, Westchester County (Nelson, J.), entered April 28, 1986, which upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $5,931.24 as compensatory damages and in the principal sum of $20,000 as punitive damages.

Ordered that the judgment is reversed, on the law and the facts and as an exercise of discretion, without costs or disbursements, the plaintiff's claim for punitive damages is stricken, the defendants are granted judgment as a matter of law for $147 for water and sewer rent, and a new trial is granted on the issue of compensatory damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to compensatory damages to the principal sum of $650, resulting in a net judgment in the plaintiff's favor in the principal sum of $503 and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; the findings of fact as to liability, except with respect to the counterclaim for water and sewer rent, are affirmed.

On July 7, 1982, the parties entered into a commercial lease for the premises at 86 Croton Avenue, Ossining, New York. The plaintiff tenant began operation of a pizzeria in this space in October 1982 and the business gradually expanded. It appears that the plaintiff and the defendant Herbert Miller became embroiled in an altercation, which ultimately resulted in the defendant Herbert Miller manually shutting off the plaintiff's hot water heater on June 25, 1983. With the aid of a neighbor and fellow tenant, the plaintiff was able to turn on the water heater but when the situation repeated itself the next day, the fellow tenant refused to allow the plaintiff to

enter the cellar through his apartment to fix the heater, stating that the defendant Herbert Miller threatened him with eviction if he helped the plaintiff. The defendant Barbara Miller then became involved when she wrote out a receipt purportedly for payment for allegedly necessary repairs to a hot water heater which, according to a plumber who testified at the trial, were not necessary and for which he had not been paid. The plaintiff's store was closed by the Department of Health for a 12-day period from June 28, 1983 until July 8, 1983.

It is well established that in an action grounded upon private breach of contract, punitive damages may not be awarded. Only when the fraudulent behavior is directed toward the public generally or involves allegations of high moral turpitude so as to imply criminal indifference to a civil obligation is an award of punitive damages proper *(Halpin v Prudential Ins. Co.,* 48 NY2d 906, *rearg denied* 49 NY2d 801; *Walker v Sheldon,* 10 NY2d 401; *Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622; *Frame v Horizons Wine & Cheese,* 95 AD2d 514; *Katz v American Tech. Indus.,* 96 AD2d 932). Fully crediting the plaintiff's allegations, which were accepted by the jury, that the defendant Herbert Miller manually shut off the plaintiff's hot water heater and thereafter coerced a fellow tenant to deny the plaintiff access to the basement, and further accepting that the defendant Barbara Miller knowingly prepared false business records to substantiate the claim of a broken heater, we cannot conclude that these acts involve such a high degree of moral turpitude as would justify the imposition of punitive damages.

With respect to the compensatory damages, we note that this was a new business and the calculation of lost profits based upon a 12-month projection of profits using as a base figure gross profits of the month immediately before the breach was unduly speculative and must be set aside. In the absence of expert testimony, evidence of the past history of the business or even a comparison to other pizzerias in the neighborhood, the plaintiff's damages should have been limited to $650 representing a $150 rent abatement for the 12-day closing occasioned by the defendants' breach, plus the $500 in lost inventory *(see, Kenford Co. v County of Erie,* 67 NY2d 257; *Cramer v Grand Rapids Show Case Co.,* 223 NY 63; Restatement [Second] of Contracts § 352, comment [b] [1981]).

Finally, with respect to the defendants' counterclaims, we credit the jury's evaluation and find that the claims for roof and hot water heater repairs were properly denied. However

the claim for water and sewer rent which the plaintiff was obligated to pay under the express terms of the lease should have been granted. The parol evidence rule prohibits the plaintiff from asserting that an oral agreement exempts him from such an obligation when under the express written terms of the lease, he was responsible for these charges *(Katz v American Tech. Indus., supra;* Richardson, Evidence § 602 [Prince 10th ed]). Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.