■ STATEN ISLAND HOSPITAL, as Assignee of FRANCES EVANS et al., Appellants, v HOME INSURANCE COMPANY, Respondent. —In an action to recover unpaid no-fault hospital billings, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 18, 1987, as denied that branch of their motion which was for summary judgment with respect to the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon our review of the record, including the verified complaint, the defendant's computer printouts *(see, Guth Realty v Gingold,* 34 NY2d 440; CPLR 3126), and the papers submitted in connection with the motion, we conclude that there are triable issues of fact which preclude the awarding of summary judgment *(see, Blando v I. & O. A. Slutzky, Inc.,* 68 NY2d 869; *Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622). In this regard, we reiterate the rule set forth in the case of *Sillman v Twentieth Century-Fox Film Corp.* (3 NY2d 395) as follows: "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented * * *. This

drastic remedy should not be granted where there is any doubt as to the existence of such issues * * * or where the issue is 'arguable' * * * 'issue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp., supra,* at 404, quoting *Barrett v Jacobs,* 255 NY 520, 522, and *Esteve v Abad,* 271 App Div 725, 727).

The record contains an order dated June 9, 1987, entered upon the defendant's default, resolving answers to the plaintiffs' demand for written interrogatories in the plaintiffs' favor. The questions posed in the demand have limited relevance to the crucial issues in this lawsuit. Therefore, the resolving order did not require the court to grant that branch of the plaintiffs' motion which was for summary judgment on the first cause of action. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.