■ JOSE FERNANDEZ, Respondent, v SUMMIT HOUSE ASSOCIATES, Appellant.—In an action, *inter alia,* to recover damages for the defendant's failure to make repairs to the plaintiff's apartment, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated November 20, 1991, as granted the branch of the plaintiff's motion which was to increase the demand for punitive damages and deemed the complaint and bill of particulars to be amended to reflect the increase, and denied the branch of the defendant's cross motion which was to strike the plaintiff's demand for punitive damages.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the branch of the plaintiff's motion which was to increase the demand for punitive damages is denied, the defendant's cross motion is granted, and the plaintiff's demand for punitive damages is stricken.

Even assuming, for purposes of this appeal, the truthfulness of the allegations contained in the plaintiff's pleadings and motion papers, and that punitive damages may be recovered

in a case such as this *(see, Minjak v Randolph,* 140 AD2d 245; *Century Apts. v Yalkowsky,* 106 Misc 2d 762; *Davis v Williams,* 92 Misc 2d 1051; *Kipsborough Realty Corp. v Goldbetter,* 81 Misc 2d 1054; *compare, Ciraolo v Miller,* 138 AD2d 443), we nevertheless conclude that the defendant's conduct, as alleged, will not support a claim for punitive damages *(see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196; *Walker v Sheldon,* 10 NY2d 401). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.