■ NAB Construction Corp., Respondent, v Consolidated Edison Company of New York, Inc., Appellant. [636 NYS2d 37] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 13, 1994, which denied defendant Con Edison's motion for partial summary judgment, unanimously reversed, on the law, and motion for partial summary judgment is granted, with costs.

The relevant facts are set forth in the companion case of *United Safety v Consolidated Edison Co.* (213 AD2d 283), and will not be repeated here, except to note that this action specifically concerns the validity of the amendment to the contract between NAB and Con Edison (*see, United Safety v Consolidated Edison Co., supra,* at 284), memorialized in Purchase Order Change Authorizations (POCAs), which specifically required that fly ash be "disposed of as a hazardous waste material".

There are no outstanding issues which should prevent enforcement of the POCAs. The parol evidence rule, which prohibits the introduction of extrinsic evidence to vary or add to the terms of contract, especially where such contract contains a merger clause (*Katz v American Tech. Indus.,* 96 AD2d 932, 933), precludes introduction of a purported oral agreement to dispose of the fly ash as non-hazardous waste.

Plaintiff has similarly failed to come forward with the required " 'high level' " of proof in evidentiary form to warrant a trial on its claim for reformation of the amendment (*Chimart Assocs. v Paul,* 66 NY2d 570, 574; *Donaldson, Lufkin & Jenrette v Vigilant Ins. Co.,* 209 AD2d 185, *lv dismissed* 85 NY2d 1021). Plaintiff's bare assertions that the signed POCAs did not reflect the agreement reached by the parties at their February 6, 1989 meeting are contradicted by the record, which indicates that two days after that meeting, NAB increased its unit price proposal by thirty-eight percent, presumably evidencing the higher cost of disposing of hazardous waste. NAB has provided no reasonable alternative explanation for this increase. Partial summary judgment should have been granted to the defendant. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.