Francisco v Kiara Foods, Inc. (2021 NY Slip Op 04662)





Francisco v Kiara Foods, Inc.


2021 NY Slip Op 04662


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-06376
 (Index No. 518317/16)

[*1]Joanel Francisco, et al., respondents,
v
Kiara Foods, Inc., etc., et al., defendants, La Rosa Fine Foods, appellant.


Kevin J. Philbin, New York, NY (Jennifer L. Coviello of counsel), for appellant.
Frekhtman & Associates, Brooklyn, NY (Martin M. Howfield and Arkady Frekhtman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant La Rosa Fine Foods appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated March 12, 2019. The order, insofar as appealed from, denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it or, in the alternative, to convert the cross motion into one for summary judgment and, upon conversion, for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Joanel Francisco (hereinafter the injured plaintiff) allegedly was injured when he fell on a staircase inside a restaurant on premises leased by the defendant Kiara Foods, Inc., incorrectly sued herein as Kiara Foods, Inc., doing business as Manolo Tapas Restaurant (hereinafter Kiara Foods). The injured plaintiff, and his wife suing derivatively, commenced the instant personal injury action against, among others, Kiara Foods and La Rosa Fine Foods (hereinafter La Rosa), which leased an attached storefront in which it operated a grocery store. The amended complaint alleged, inter alia, that those defendants controlled and maintained the area in which the accident occurred.
La Rosa, asserting, among other things, that it did not own, control, or possess the area in question, cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. Alternatively, La Rosa sought to convert the cross motion into one for summary judgment and, upon conversion, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court, among other things, denied those branches of the cross motion. La Rosa appeals.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181). When the moving party offers evidentiary material, the motion must be denied unless that evidence shows that "a material fact as claimed by the pleader to be one is not a fact at all and unless [*2]it can be said that no significant dispute exists regarding it" (id. at 1181 [internal quotation marks omitted]). "Accordingly, consideration of such evidentiary materials will almost never warrant dismissal under CPLR 3211(a)(7) unless the materials establish conclusively that [the plaintiff] has no . . . cause of action" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258 [internal quotation marks omitted]; see Lawrence v Graubard Miller, 11 NY3d 588, 595).
Here, La Rosa failed to conclusively demonstrate that it did not control or possess the accident site. La Rosa's evidence suggested that there was a connection between La Rosa and Kiara Foods, and a connection between the restaurant and the attached grocery store it operated. Further, Kiara's lease for the restaurant granted certain privileges to La Rosa. Accordingly, La Rosa's evidence did not conclusively demonstrate that the plaintiffs had no cause of action against it (see Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d 767, 769).
Additionally, the Supreme Court did not improvidently exercise its discretion in declining to convert La Rosa's cross motion into a motion for summary judgment, as such motion would have been premature at this juncture (see CPLR 3212[f]; Jones v American Commerce Ins. Co., 92 AD3d 844, 845; see also Henn v City of New York, 164 AD3d 766, 767; Paolicelli v Fieldbridge Assoc., LLC, 120 AD3d 643, 647).
Accordingly, we affirm the order insofar as appealed from.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court