Asamblea De Iglesias Christianas, Inc. v DeVito (2022 NY Slip Op 06456)

Asamblea De Iglesias Christianas, Inc. v DeVito

2022 NY Slip Op 06456

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-03517
 (Index No. 522506/18)

[*1]Asamblea De Iglesias Christianas, Inc., et al., respondents, 
v
Jason DeVito, et al., defendants, Jin Hu, et al., appellants.

Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Robert J. Bergson, Andrew W. Gefell, and Jonathan D. Hauptman of counsel), for appellants.
Hayes Law Practice, LLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contractual relations and fraud, the defendants Jin Hu and Jin Hu & Associates, PLLC, appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated February 10, 2020. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Jin Hu and Jin Hu & Associates, PLLC, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them is granted.
The plaintiff Juan Castillo allegedly entered into a contract to purchase from the defendant 249 58th Street Corp., and its president, the defendant Jason DeVito (hereinafter together the DeVito defendants), certain property located in Brooklyn. The contract was later amended to, among other things, name Assembly of Christian Churches, Inc., as the purchaser. Subsequently, the plaintiffs allegedly discovered that the property had been sold to the defendant 249 58, LLC (hereinafter 58, LLC). Thereafter, the plaintiffs commenced this action. As relevant here, the complaint asserted causes of action alleging tortious interference with contractual relations and fraud against the defendants Jin Hu and Jin Hu & Associates, PLLC (hereinafter together the Jin Hu defendants), the attorney and law firm that allegedly represented the DeVito defendants in connection with the transaction to sell the property to 58, LLC. The Jin Hu defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated February 10, 2020, the Supreme Court, among other things, denied their motion. The Jin Hu defendants appeal.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "Moreover, the court may consider affidavits submitted by the plaintiff [*2]to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Benjamin v Yeroushalmi, 178 AD3d 650, 653; see Janusonis v Carauskas, 137 AD3d 1218, 1219).
The elements of a cause of action alleging tortious interference with contractual relations are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Nero v Fiore, 165 AD3d 823, 825). "Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim a plaintiff must support his [or her] claim with more than mere speculation. A cause of action alleging tortious interference with contractual relations must be dismissed where the allegations in support of the cause of action are devoid of a factual basis and are vague and conclusory" (Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 787-788 [internal quotation marks and citation omitted]).
Further, "[i]nasmuch as the relationship created between an attorney and his client is that of principal and agent, an attorney is not liable for inducing his [or her] principal to breach a contract with a third person, at least where he [or she] is acting on behalf of his principal within the scope of his [or her] authority" (Burger v Brookhaven Med. Arts Bldg., 131 AD2d 622, 624 [citation omitted]). "Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client" (id.; see Doo v Berger, 227 AD2d 435, 436).
Here, the allegations in the complaint regarding the conduct of the Jin Hu defendants were impermissibly vague and conclusory (see Hart v Scott, 8 AD3d 532; see also Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d at 788). Additionally, the complaint failed to sufficiently allege that the Jin Hu defendants acted outside the scope of their authority as counsel for the DeVito defendants or engaged in any conduct that could make them liable to the plaintiffs (see Burger v Brookhaven Med. Arts Bldg., 131 AD2d 622, 624; Kline v Schaum, 174 Misc 2d 988, 990 [App Term, 2d Dept]; cf. Pancake v Franzoni, 149 AD2d 575, 575-576). Moreover, the papers submitted in opposition failed to remedy the defects in the complaint (see Hart v Scott, 8 AD3d at 532). Therefore, the Supreme Court erred in denying that branch of the Jin Hu defendants' motion which was to dismiss the cause of action alleging tortious interference with contractual relations insofar as asserted against them.
The Supreme Court also erred in denying that branch of the Jin Hu defendants' motion which was to dismiss the cause of action alleging fraud insofar as asserted against them. "The required elements of a common-law fraud claim are a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 578-579 [internal quotation marks omitted]). "When a plaintiff brings a cause of action based upon fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Sargiss v Magarelli, 12 NY3d 527, 530, quoting CPLR 3016[b]). In this case, the complaint failed to properly plead all of the requisite elements of fraud against the Jin Hu defendants with sufficient particularity (see CPLR 3016[b]; Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 697; Cruciata v O'Donnell & McLaughlin, Esqs., 149 AD3d 1034, 1035; see also Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1230). The papers submitted in opposition failed to remedy the defects in the complaint.
Accordingly, we reverse the order insofar as appealed from.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court