Russo v Crisona (2023 NY Slip Op 04438)

Russo v Crisona

2023 NY Slip Op 04438

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-04979
 (Index No. 521928/20)

[*1]Thomas Russo, appellant,
v
Richard Crisona, et al., respondents, et al., defendant.

Subin Associates, LLP (Christopher J. Soverow and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Kevin J. Philbin, New York, NY (Keith J. Norton of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated June 30, 2021. The order, insofar as appealed from, converted that branch of the motion of the defendants Richard Crisona and Denise Crisona which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them into a motion for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted that branch of the motion.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Richard Crisona and Denise Crisona which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied.
On December 20, 2019, the plaintiff allegedly was injured when he tripped and fell while walking on the sidewalk adjacent to 191 Amity Street in Brooklyn. The defendants Denise Crisona and Richard Crisona (hereinafter together the defendants) owned the premises located at that address. By summons and complaint dated November 5, 2020, the plaintiff commenced this action to recover damages for personal injuries against the defendants and the City of New York.
On January 26, 2021, the defendants filed a pre-answer motion pursuant to CPLR 3211(a), inter alia, to dismiss the complaint insofar as asserted against them, "and pursuant to [CPLR] 3211(c), for an order treating the motion as one for summary judgment." In support of the motion, the defendants submitted their own affidavits in which they averred that they had [*2]continuously occupied and used the subject premises exclusively for residential purposes so as to come within an exemption to the liability imposed on abutting landowners under Administrative Code of the City of New York § 7-210, and additionally averred that they had not created any defective condition or made special use of the sidewalk. In an order dated June 30, 2021, the Supreme Court, among other things, converted that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants into a motion for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted that branch of the motion. The plaintiff appeals.
While a motion for summary judgment pursuant to CPLR 3212 is only permitted after issue has been joined (see CPLR 3212[a]), CPLR 3211(c) permits a court, "after adequate notice to the parties," to treat a motion pursuant to CPLR 3211(a) or (b) as a motion for summary judgment, "whether or not issue has been joined" (CPLR 3211[c]). However, such conversion is inappropriate where a motion for summary judgment would be premature (see Menche v CDx Diagnostics, Inc., 199 AD3d 678; Francisco v Kiara Foods, Inc., 197 AD3d 563, 565; see also CPLR 3212[f]). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or [that] the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Bonilla v Bangert's Flowers, 132 AD3d 618, 619 [internal quotation marks omitted]; see CPLR 3212[f]).
Initially, we note that the plaintiff has not raised on appeal any issue regarding the provision of notice of the Supreme Court's intention to convert the defendants' motion pursuant to CPLR 3211(a) to a motion for summary judgment. The plaintiff argues that the motion to dismiss should not have been converted to a motion for summary judgment because such a motion was premature.
The record demonstrates that the defendants' pre-answer motion was made less than two months after the action was commenced, and that the plaintiff has had no opportunity to conduct discovery. Further, the defendants seek summary dismissal on the basis of facts asserted in their affidavits about which the plaintiff has no personal knowledge. Under these circumstances, the plaintiff is correct that a summary judgment motion would be premature (see Bonilla v Bangert's Flowers, 132 AD3d at 619; Johnson v Richardson, 120 AD3d 767, 768; Jones v Am. Commerce Ins. Co., 92 AD3d 844, 845). Therefore, the defendants' motion pursuant to CPLR 3211(a) should not have been converted into a motion for summary judgment (see Menche v CDx Diagnostics, Inc., 199 AD3d at 680; Francisco v Kiara Foods, Inc., 197 AD3d at 565).
As an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539), the defendants contend that they were entitled to dismissal pursuant to CPLR 3211(a)(1) and (7). Under CPLR 3211(a)(1), a dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "To constitute documentary evidence, the evidence must be 'unambiguous, authentic, and undeniable'" (Phillips v Taco Bell Corp., 152 AD3d 806, 807, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). "An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [internal quotation marks omitted]; Phillips v Taco Bell Corp., 152 AD3d at 807). Here, since the only evidence the defendants relied upon was their own affidavits, they were not entitled to dismissal under CPLR 3211(a)(1) (see Phillips v Taco Bell Corp., 152 AD3d at 807).
"'[A] motion to dismiss made pursuant to CPLR 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law'" (id., quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "While a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Phillips v Taco Bell Corp., 152 AD3d at 807-808 [citation and internal quotation marks omitted]), by showing that a material fact as claimed by the plaintiff "is not a fact at all" and that "no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d at 275; see Phillips v Taco Bell Corp., 152 AD3d at 808).
Here, assuming the facts alleged in the complaint to be true, the plaintiff has stated a viable cause of action. The affidavits submitted by the defendants, which merely contained conclusory denials of the facts asserted by the plaintiff in the complaint, as well as bare factual assertions regarding their use and occupancy of the subject premises, did not demonstrate that "a material fact as claimed by the [plaintiff] to be one is not a fact at all" and that "no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d at 275; see Phillips v Taco Bell Corp., 152 AD3d at 808; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683). Accordingly, the defendants were not entitled to dismissal pursuant to CPLR 3211(a)(7) (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351).
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court