Song Yong Yu v Envision Physician Servs., LLC (2024 NY Slip Op 05232)

Song Yong Yu v Envision Physician Servs., LLC

2024 NY Slip Op 05232

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-06367
 (Index No. 615757/21)

[*1]Song Yong Yu, appellant, 
v
Envision Physician Services, LLC, et al., defendants, Matthew Giuca, et al., respondents.

Stagg Wabnik Law Group LLP, Garden City, NY (Debra L. Wabnik and Amanda B. Slutsky of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Greg S. Zucker, Daniel G. Lyons, and Amier Shenoda of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered July 13, 2022. The order granted the motion of the defendants Matthew Giuca and Carl Schmigelski pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In December 2021, the plaintiff commenced this action against, among others, the defendants Envision Physician Services, LLC (hereinafter Envision), Nassau Anesthesia Associates, P.C. (hereinafter NAA), Matthew Giuca, and Carl Schmigelski, inter alia, to recover damages for breach of contract and tortious interference with contract. The plaintiff was an anaesthesiologist who worked for Envision and NAA (hereinafter together the corporate defendants) at a hospital in Long Island. The plaintiff alleged, among other things, that Giuca and Schmigelski, who were also both anesthesiologists for the corporate defendants and members of NAA's management committee at the hospital, harassed and bullied him based on his race by scheduling him for excessive weekend on-call shifts, lied to the corporate defendants about his creation of unsafe conditions for hospital staff during the COVID-19 pandemic, and caused the corporate defendants to terminate his employment.
Thereafter, Giuca and Schmigelski (hereinafter together the moving defendants) moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them. In an order entered July 13, 2022, the Supreme Court granted the motion. The plaintiff appeals.
Under CPLR 3211(a)(1), a dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Russo v Crisona, 219 AD3d 920, 922 [internal quotation marks omitted]; see Jeffrey v Collins, 218 AD3d 451, 453; Davis v Henry, 212 AD3d 597, 597). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable" (Russo v Crisona, 219 AD3d at 922 [*2][internal quotation marks omitted]). "A motion to dismiss pursuant to CPLR 3211(a)(7) in which the movant relies upon evidence beyond the four corners of the complaint must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 654).
Here, with respect to the second cause of action, alleging breach of the implied covenant of good faith and fair dealing, the moving defendants established that, contrary to the plaintiff's allegations, they were not parties to the plaintiff's employment agreement (see id.). Further, despite the plaintiff's contentions to the contrary, a stock purchase agreement demonstrated that the plaintiff and the moving defendants were shareholders, each contracting with NAA for shares in the company, rather than contracting with each other. Thus, the moving defendants utterly refuted the plaintiff's allegations that they breached the implied covenant of good faith and fair dealing, and the Supreme Court properly granted that branch of their motion which was to dismiss the second cause of action insofar as asserted against them (see Russo v Crisona, 219 AD3d at 922; Jeffrey v Collins, 218 AD3d at 453; Davis v Henry, 212 AD3d at 597).
With respect to the third and eighth causes of action, alleging tortious interference with contract and malicious interference with a contract, respectively, the plaintiff had to allege "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 844 [internal quotation marks omitted]; see Tumayeva v Geyber, 220 AD3d 634, 635; Altman v DiPreta, 204 AD3d 965, 968). "Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim a plaintiff must support his [or her] claim with more than mere speculation" (Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d at 844 [internal quotation marks omitted]). "A cause of action alleging tortious interference with contractual relations must be dismissed where the allegations in support of the cause of action are devoid of a factual basis and are vague and conclusory" (id. [internal quotation marks omitted]).
Here, the allegations in the amended complaint regarding the moving defendants' conduct were impermissibly vague and conclusory (see id.). Additionally, the amended complaint failed to sufficiently allege that the moving defendants acted outside the scope of their employment or engaged in any conduct that could make them liable to the plaintiff (see id.). Accordingly, the Supreme Court properly granted those branches of the moving defendants' motion which were to dismiss the third and eighth causes of action insofar as asserted against them.
With respect to the fourth and fifth causes of action, alleging breach of fiduciary duty and breach of the duty of loyalty, respectively, the defendants did not owe such duties to the plaintiff since they did not have a fiduciary relationship with him (see J.D. v Roman Catholic Diocese of Brooklyn, 203 AD3d 880, 882; WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1023; Litvinoff v Wright, 150 AD3d 714, 715). Accordingly, the Supreme Court properly granted those branches of the moving defendants' motion which were to dismiss the fourth and fifth causes of action insofar as asserted against them.
With respect to the seventh cause of action, alleging intentional infliction of emotion distress, "[t]he elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Banschick v Johnson, 222 AD3d 608, 610 [internal quotation marks omitted]). "'In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (id., quoting Ratto v Oliva, 195 AD3d 870, 873 [internal quotation marks omitted]). Here, accepting as true the allegations in the amended complaint, the alleged conduct by the moving defendants did not satisfy that rigorous standard. Accordingly, the Supreme Court properly granted that branch of the [*3]moving defendants' motion which was to dismiss the seventh cause of action insofar as asserted against them.
With respect to the ninth cause of action, alleging employment discrimination on the basis of race in violation of Executive Law § 296, the plaintiff's allegations of racial discrimination were unsupported by any factual allegations and insufficient to state a cause of action to recover damages for employment discrimination on the basis of race in violation of Executive Law § 296. The plaintiff also failed to allege that the moving defendants had "ownership interest or power to do more than carry out personnel decisions made by others" (Patrowich v Chemical Bank, 63 NY2d 541, 543-544; see Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d 915, 920; Carrea v Imagimed, LLC, 74 AD3d 860, 862). Accordingly, the Supreme Court properly granted that branch of the moving defendants' motion which was to dismiss the ninth cause of action insofar as asserted against them.
The parties' remaining contentions are without merit.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court