■ THE TORRENZANO GROUP, LLC, Appellant, v HUGH BURNHAM, Respondent. [810 NYS2d 42]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 12, 2004, which granted defendant (Burnham)'s motion to dismiss plaintiff's (The Torrenzano Group [TTG]) causes of action for tortious interference with contract and tortious interference with business relations, unanimously affirmed, with costs.

While it is unclear whether TTG's agreement with nonparty Convergys to procure speaking engagements for Convergys' executives (the Convergys agreement) was terminable at will, relieving TTG from having to plead that Burnham's alleged interference with that contract was accomplished through "wrongful means" (*cf. Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191-192 [1980]), it is clear, by virtue of documentary evidence submitted by Burnham in support of this pre-answer motion to dismiss (CPLR 3211 [a] [1]), that the alleged interference had an economic justification (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]), requiring TTG to adduce evidence in opposition sufficient to raise an issue of fact in that regard (*see Ullmann v Norma Kamali, Inc.*,

207 AD2d 691, 692 [1994]). This TTG failed to do. Correspondence from TTG's president affirmatively acknowledged Burnham's claim to commissions earned by reason of the Convergys agreement, and expressly predicated TTG's termination of its commission and space-for-consulting services agreement with Burnham on Burnham's failure to provide the promised consulting services, not Burnham's alleged interference with the Convergys agreement, i.e., his separate, personal billing of Convergys for his commissions, which appears to have occurred at a later date. TTG does not dispute that Burnham had previously invoiced it for the commissions, that it never objected to the validity of Burnham's claim to the commissions, that it never paid the commissions, and that it was only after it locked Burnham out of the office that Burnham separately billed Convergys for the commissions. Nor does TTG claim that Burnham ever billed Convergys for any amount other than what he claimed he was owed for his services. " '[P]rocuring the breach of a contract in the exercise of equal or superior right is acting with just cause or excuse and is justification for what would otherwise be an actionable wrong' " (*Felsen v Sol Cafe Mfg. Corp.*, 24 NY2d 682, 687 [1969]). We note that there is no writing in the record restricting billing privileges on the Convergys agreement to TTG. With respect to the claim for tortious interference with TTG's business relations with Convergys, the same documentary evidence refutes TTG's conclusory allegations that Burnham's billing of Convergys was wrongful or done for the sole purpose of harming TTG (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300 [1999]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.