■ 397 West 12th Street Corp., Respondent, v Victor Zupa, Respondent, and Madison Capital Acquisitions LLC et al., Appellants, et al., Defendants. [824 NYS2d 35]—

Judgment, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 22, 2006, dismissing all claims, counterclaims and cross claims in this action and cancelling notices of pendency filed by defendant Madison Capital Acquisitions, unanimously modified, on the law, to the extent of declaring that plaintiff properly exercised its right of first refusal, and otherwise affirmed, with costs in favor of plaintiff payable by defendants-appellants. Appeal from the underlying order, same court and Justice, entered June 9, 2006, which, inter alia, granted plaintiff's and defendant Zupa's motions for summary dismissal of Madison's counterclaim for a declaratory judgment and cross claim for specific performance, granted upon renewal Zupa's motion for summary dismissal of Madison's counterclaim for breach of contract and confirmed his stipulation of discontinuance with plaintiff, and denied Madison's motion to, inter alia, file a supplemental answer advancing new claims and adding new defendants, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly found that plaintiff properly exercised his right of first refusal by giving notice of acceptance and tendering the required deposit (*see e.g. Yudell Trust I v API Westchester Assoc.*, 227 AD2d 471, 473 [1996]); plaintiff was not required to accept by performance. Plaintiff did not reject the right of first refusal or repudiate any contract created by its exercise when it sought damages on the ground that the third party's offer was collusively inflated, and did not conclusively admit that it had failed to properly exercise its right by seeking additional time for disclosure of the true terms and conditions of the third party's offer that plaintiff was required to match. Madison's contention that plaintiff improperly assigned its right of first refusal is unsupported by the facts, which show that it

assigned its rights to the anticipated contract and, moreover, that Madison's contract, with terms and conditions plaintiff was required to match, similarly authorized such an assignment. In view of the foregoing, it is unnecessary to address the parties' contentions regarding whether this Court's prior determination (20 AD3d 335 [2005]) constitutes law of the case regarding these issues (*but see Grullon v City of New York*, 297 AD2d 261, 265 [2002]). Amendment was properly denied because the proposed new claims lacked merit (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]). When plaintiff exercised its right of first refusal, Madison's rights under its contract to purchase the same property terminated. Thus, absent a contract, there can be no claim for tortious interference (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Moreover, plaintiff's exercise of rights under its preexisting lease was justified, and there was no evidence submitted by Madison to overcome this defense (*see e.g. Torrenzano Group, LLC v Burnham*, 26 AD3d 242 [2006]). Madison's claim for breach of its surrender agreement with Zupa is belied by the record, which demonstrates that plaintiff was contacted for the purpose of having him waive his right and that Madison was kept abreast of Zupa's efforts; contrary to Madison's contention, Zupa was not obligated to litigate the issues. Zupa's motion for renewal was appropriate because the discovery he relied on was taken after he submitted his original motion, and he was properly awarded judgment for the foregoing reasons.

We modify solely to declare in plaintiff's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

We have considered appellants' other contentions and find them unavailing. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.