■ THE SOUTH TOWER RESIDENTIAL BOARD OF MANAGERS OF TIME WARNER CENTER CONDOMINIUM, Respondent, v THE ANN HOLDINGS, LLC, Appellant. [8 NYS3d 38]—

Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered April 23, 2014, directing defendant to convey its condominium unit to MS6TC, LLC, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 27, 2014, which granted plaintiff's motion for summary judgment, and denied defendant's cross motion for discovery, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this case, defendant, the owner of a condominium unit, objects to the purchase of the unit by nonparty MS6TC, LLC (MS6TC), whose principal is Jacob Wohlstadter, defendant's neighbor. Defendant entered into a contract to sell the unit to a third party, subject to plaintiff condominium board's right of first refusal. Plaintiff chose to exercise its right of first refusal, and assigned that right to MS6TC as its designee to purchase the unit. Jacob Wohlstadter's wife, Deborah, was a member of plaintiff board. In support of its summary judgment motion, plaintiff submitted evidence that Ms. Wohlstadter did not participate in the board's deliberations or discussions regarding the designation of MS6TC. As part of the purchase, Mr. Wohlstadter agreed to pay the board approximately $400,000 to license the hallway between his unit and defendant's unit.

On appeal, defendant argues that the condominium bylaws did not permit the board to designate a third-party entity as a purchaser of the unit. In the alternative, defendant argues that summary judgment was premature because there are questions of fact as to whether plaintiff's decision to designate MS6TC is protected by the business judgment rule. Defendant seeks discovery to ascertain if the decision was made in bad faith, and involved self-dealing and unequal treatment.

Section 8.1.1 (b) of the condominium's bylaws give plaintiff a right of first refusal: "Promptly after a Sale Agreement . . . has been fully executed, the Offeree Unit Owner [*i.e.*, the seller] shall send written notice thereof to [plaintiff] . . . The giving of such notice . . . shall constitute an offer by the Offeree Unit Owner to sell its . . . Unit . . . to [plaintiff], or its designee

(corporate or otherwise), on behalf of all ST [South Tower] Residential Owners, upon the same terms and conditions as contained in such Sale Agreement . . . [Plaintiff] may, by sending written notice . . . to such Offeree Unit Owner, not later than twenty . . . days after receipt of [the Owner's] notice, . . . elect to purchase such . . . Unit." The bylaws authorize plaintiff to exercise its right of first refusal through a designee, and do not require the designee to be an entity organized and owned by plaintiff.

In support of its argument that a "designee" under section 8.1.1 (b) must be an entity organized by the board, defendant first relies on section 2.2.2 of the bylaws, which says that plaintiff "shall be entitled to make determinations with respect to all matters relating to the operation and the affairs of the [Residential Section of the South Tower], including . . . (p) Organizing corporations, limited liability companies and/or other entities to act as designees of [plaintiff] with respect to such matters as [plaintiff] may determine, including . . . in connection with the acquisition of title to . . . ST Residential Units acquired . . . by [plaintiff] on behalf of the ST Residential Unit Owners." However, section 2.2.2 merely permits plaintiff to organize a corporation or other entity to be its designee; it does not require that the designee be organized by plaintiff.

Defendant also relies on section 8.6, which says, "The purchase of any ST Residential Unit . . . by [plaintiff] or its designee, on behalf of all ST Residential Unit Owners, may, at the option of [plaintiff], be made from the funds deposited in the capital and/or expense accounts of [plaintiff] by or on behalf of ST Residential Unit Owners." Defendant contends "it is absurd to suppose that a third-party entity could, at [plaintiff's] option . . . use funds in . . . capital or expense accounts or funds from new assessments on all owners to purchase the Unit." However, section 8.6 merely says that the purchase "may" be made from such funds. It does not prohibit the use of other monies for this purpose.

Defendant's argument that issues of fact exist as to whether plaintiff is entitled to the protection of the business judgment rule is not persuasive. "The business judgment rule prohibits judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990] [internal quotation marks omitted]). Plaintiff had a legitimate reason for its decision to designate MS6TC to

purchase defendant's unit. Wohlstadter had agreed to pay plaintiff approximately $400,000 to license the hallway between his unit and defendant's unit, and this was a significant financial benefit for the building.

The business judgment rule does not protect boards that engage in favoritism (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 157 [2003]) or "unequal treatment of shareholders" (*Schultz v 400 Coop. Corp.*, 292 AD2d 16, 22 [1st Dept 2002]; *see also Barbour v Knecht*, 296 AD2d 218, 224 [1st Dept 2002]). However, even if, arguendo, plaintiff engaged in some favoritism by designating MS6TC, defendant failed to show prejudice therefrom (*see Schultz*, 292 AD2d at 22). Plaintiff's exercise of its right of first refusal means that defendant will receive the same amount of money it would have received had the unit been sold to the party with whom defendant had contracted. Defendant argues that it was prejudiced because it potentially could have obtained a higher sale value if Mr. Wohlstadter had participated in a legitimate bidding process. This argument is speculative, and it is unclear how discovery from plaintiff would elucidate this issue.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias and Richter, JJ.