■ ANDREW BITTENS, Appellant, v THE BOARD OF MANAGERS OF THE OCTAVIA CONDOMINIUM et al., Respondents. [18 NYS3d 29]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about December 19, 2013, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Joseph T. Wong for summary judgment dismissing the complaint as against him, and, upon a search of the record pursuant to CPLR 3212 (b), granted summary judgment dismissing the complaint as against the remaining defendants, unanimously affirmed, without costs.

Plaintiff, who had entered into a contract to purchase a condominium unit from the nonparty seller, commenced this action against defendant Board of Managers of the Octavia Condominium and its members, managing agent and attorneys, alleging, inter alia, that the board intentionally interfered with said contract by improperly purporting to exercise a right of first refusal. The motion court properly dismissed plaintiff's claim, because without an actual breach of the underlying contract, a cause of action for tortious interference with a contract fails (see e.g. 397 W. 12th St. Corp. v Zupa, 34 AD3d 236 [1st Dept 2006], lv denied 8 NY3d 815 [2007]; compare Nicosia v Board of Mgrs. of the Weber House Condominium, 77 AD3d 455 [1st Dept 2010]).

Furthermore, even without the requirement of a breach by the seller, plaintiff's tortious interference claim fails. The board properly exercised the right of first refusal, financed the purchase at the original contract price through its designee and ultimately purchased and resold the property for profit, all in accordance with the condominium's bylaws. Although a board member was also a member of the board's designee, the record shows that the board's action was "taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990] [internal quotation marks omitted]; see South Tower Residential Bd. of Mgrs. of Time Warner Ctr. Condominium v Ann Holdings, LLC, 127 AD3d 485 [1st Dept 2015], lv dismissed 25 NY3d 1196 [2015]).

Dismissal of plaintiff's fraud claim was also proper, since plaintiff failed to show any knowing or material false representation by defendants (see Nicosia, 77 AD3d at 456).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Renwick and Moskowitz, JJ.