█ In the Matter of CELIA SELIGSON, Appellant, v BOARD OF MANAGERS OF THE 25 CHARLES STREET CONDOMINIUM et al., Respondents. [29 NYS3d 292]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 24, 2014, which denied the two consolidated CPLR article 78 petitions challenging certain budgetary determinations made by respondent Board of Managers of the 25 Charles Street Condominium (the board) for its fiscal years 2011 and 2012, unanimously affirmed, without costs.

The rulings issued in the prior plenary action, both at the trial and appellate level, do not preclude petitioner, under either the doctrine of res judicata or collateral estoppel, from advancing her present claims. The propriety of the individual expenditures for the 2011 and 2012 budgets, which is the subject of this proceeding, was not decided, nor even at issue, in the prior action, nor could it have been raised there (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see also Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]).

Petitioner has failed, however, to point to any evidence in the existing record to show that the board's actions were "outside the scope of its authority," "did not legitimately further the corporate purpose," or were made "in bad faith," as required

to overcome the protection of the business judgment rule (*40 W. 67th St. v Pullman*, 100 NY2d 147, 155 [2003]; *see South Tower Residential Bd. of Mgrs. of Time Warner Ctr. Condominium v Ann Holdings, LLC*, 127 AD3d 485, 486 [1st Dept 2015], *lv dismissed* 25 NY3d 1196 [2015]). Nor does it avail petitioner to assert, conclusorily, that the board's actions were "arbitrary and capricious," since "board action that comes within the business judgment rule cannot be characterized as arbitrary and capricious, or an abuse of discretion" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 541 n [1990]). Nor does she demonstrate that the challenged expenses were not necessary to comply with "a governmental statute, law or regulation," as provided in the bylaws.

Summary disposition was not premature, since petitioner failed to specify how discovery was incomplete, or explain what essential facts further discovery might uncover (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 103 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]; *see also* CPLR 409 [b]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.