■ A&F HAMILTON HEIGHTS CLUSTER, INC., Derivatively on Behalf of HAMILTON HEIGHTS CLUSTER ASSOCIATES, L.P., et al., Plaintiffs, and JAMES FENDT, Derivatively on Behalf of HAMILTON HEIGHTS CLUSTER ASSOCIATES, INC., Appellant, v URBAN GREEN MANAGEMENT, INC., et al., Respondents, et al., Defendants. (And Other Actions.) [45 NYS3d 45]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 23, 2015, which, to the extent appealed from as limited by the briefs, amended the court's order, dated November 12, 2015, and ordered plaintiff James Fendt to pay $131,022 to Hamilton Heights Cluster Associates, L.P. (HHCA) to reimburse it for funds used to pay the Tendy Law Office, unanimously affirmed, without costs.

The motion court did not award sanctions pursuant to 22 NYCRR 130-1.1 (c) (3), but rather granted that portion of the motion to compel the return of all funds paid from HHCA's bank accounts to Tendy. "The traditional judicial equity power in NY Constitution, article VI, § 7 is implemented by CPLR 3017 (a), which prescribes that 'the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just' " (*State of New York v Barone*, 74 NY2d 332, 336 [1989]). The order here was not unjust, in that Fendt caused HHCA to make payments to the law firm that commenced this litigation, although he was not authorized to do so. In light of this finding, plaintiff Fendt's invocation of the business judgment rule is unavailing, as are his remaining arguments (*Matter of Seligson v Board of Mgrs. of the 25 Charles St. Condominium*, 138 AD3d 432, 432-433 [1st Dept 2016]). Insofar as he claims he loaned the funds to HHCA used to pay the law firm, such claim is not substantiated by the record before us. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.