Thomas v Triboro Maintenance Corp. (2021 NY Slip Op 01526)





Thomas v Triboro Maintenance Corp.


2021 NY Slip Op 01526


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 31033/17E Appeal No. 13366 Case No. 2020-04000 

[*1]Millicent Thomas, Plaintiff-Respondent,
v
Triboro Maintenance Corporation, Defendant-Appellant, Church of St. John-Visitation Parish, Defendant-Respondent.


Montfort, Healy, McGuire & Salley LLP, Garden City (John W. Hoefling of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for Millicent Thomas, respondent.
Hardin, Kundla, McKeon & Poletto, P.A., New York (Eric J. Koplowitz of counsel) for Church of St. John-Visitation Parish, respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about May 14, 2020, which denied the motion of defendant Triboro Maintenance Corporation (Triboro) for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Triboro failed to carry its prima facie burden of showing, as a matter of law, that it did not entirely displace the tenant's duty to maintain the premises safely because, among other things, it is unclear what work Triboro was authorized to undertake without prior approval (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; XX v Dunwell El. Elec. Indus., Inc., 188 AD3d 443, 445-446 [1st Dept 2020]; Ileiwat v PS Marcato El. Co., Inc., 178 AD3d 517, 519 [1st Dept 2019]; Stevanovic v T.U.C. Mgt. Co., 305 AD2d 133, 134 [1st Dept 2003]). Triboro's motion was also premature as depositions had not yet been held and the record revealed that that facts essential to oppose the motion likely lie within the exclusive knowledge and control of Triboro and the tenant (see e.g. Guzman v City of New York, 171 AD3d 653, 653 [1st Dept 2019]; CPLR 3212[f]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021