Rios v Sendowski (2022 NY Slip Op 01977)





Rios v Sendowski


2022 NY Slip Op 01977


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 450325/16 Appeal No. 15206 Case No. 2020-01465 

[*1]Melinda Rios, Plaintiff-Appellant,
v
Oren Sendowski et al., Defendants-Respondents.


Melinda Rios, appellant pro se.
SLG PC, New York (David Spiegelman of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered October 15, 2019, which, to the extent appealed from as limited by the briefs, after a nonjury trial, dismissed plaintiff's breach of contract claim, dismissed any claim based on an oral contract or a theory of quantum meruit, and found that, based on unjust enrichment, plaintiff was entitled to a commission from defendant Marble Hill Partners, LLC in the amount of $11,825, plus interest, unanimously affirmed, without costs.
The final commission agreement stated, "See lease for specific information concerning this transaction." Paragraph 48 of the lease, titled, "Brokerage," specified that: "Tenant represents and warrants that it has dealt with no broker in this lease transaction other than Melinda Rios, Inc., Licensed Real Estate Broker, Bronxville, NY. Landlord agrees to pay the brokerage commission for this transaction to Melinda Rios, Inc. Said commission will be negotiated with Melinda Rios, Inc. in a separate agreement." Based on that evidence, Supreme Court correctly determined that plaintiff's claim for breach of contract in her individual capacity failed.
Nevertheless, the "court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (CPLR 3017[a]; see A&F Hamilton Hgts. Cluster, Inc. v Urban Green Mgt., Inc., 146 AD3d 502, 502 [1st Dept 2017]). To successfully plead unjust enrichment, a plaintiff must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). The complaint, testimony and affidavits support an unjust enrichment claim, as plaintiff demonstrated a relationship with defendants that induced her to perform her services, and a benefit that defendants knew she was conferring on them and for which both she and defendants expected defendants would compensate her (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516-518 [2012]).
The affidavit of landlord Marble Hill's owner and managing member explained that, in the case of tenants with insufficient resources and references, Marble Hill's policy was to pay commissions only on rents received. The commission fee agreement stated that the commission due was 5% of the gross rent "collected over the 5- year lease term." Based on that evidence, Supreme Court correctly determined that the
commission due plaintiff, on a theory of unjust enrichment, was 5% of the collected rent of $236,500, yielding a commission of $11,825.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022