Nostalgic Partners, LLC v New York Yankees Partnership (2022 NY Slip Op 02955)

Nostalgic Partners, LLC v New York Yankees Partnership

2022 NY Slip Op 02955

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 656724/20, 650308/21 Appeal No. 15867-15868 Case No. 2021-03933, 2021-03831 

[*1]Nostalgic Partners, LLC Doing Business as The Staten Island Yankees, Plaintiff-Respondent,
v
New York Yankees Partnership, Defendant-Appellant, Charles Norman Stallings etc., et al. Defendants.
Tri-City ValleyCats, Inc., Plaintiff-Respondent,
v
Houston Astros Inc., Defendant, Houston Astros, LLC, et al. Defendants-Appellants.

Boies Schiller Flexner LLP, New York (Thomas H. Sosnowski of counsel), for New York Yankees Partnership, appellant.
Sullivan & Cromwell LLP, New York (Benjamin R. Walker of counsel), for Houston Astros LLC and the Office of the Commissioner of Baseball, appellants.
Berg & Androphy, New York (Michael M. Fay of counsel), for Nostalgic Partners, LLC, respondent.
Weil Gotschal & Manges LLP, New York (Gregory Silbert of counsel), for Tri-City ValleyCats, Inc., respondent.

Order, Supreme Court, New York County (Barry R. Ostager, J.), entered September 15, 2021, which, to the extent appealed from, denied defendants Houston Astros, LLC and The Office of the Commissioner of Baseball's (Astro defendants) motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the fifth through eighth causes of action for tortious interference with contract, unanimously modified, on the law, to dismiss the fifth, sixth, and eighth causes of action, and to dismiss the seventh cause of action except to the extent it alleges breach of the National Association Agreement (NAA) based on defendants allegedly negotiating for or entering into Player Development Licenses with National Association members, and otherwise affirmed, without costs.
Order, same court and Justice, entered October 12, 2021, which, to the extent appealed from, denied defendant New York Yankees Partnership's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the first cause of action for breach of contract, unanimously affirmed, with costs.
Plaintiff Nostalgic Partners, LLC is the owner of the Staten Island Yankees minor league baseball team that was formerly affiliated with the New York Yankees major league baseball club. Nostalgic purchased the Staten Island Yankees from Staten Island Minor League Holdings LLC in 2011. Plaintiff Tri-City ValleyCats, Inc. is the owner of the Troy, New York-based Tri-City ValleyCats minor league baseball team that was formerly affiliated with the Houston Astros major league baseball club. These actions arise from the end of those affiliations as part of Major League Baseball's restructuring of its minor league system.
Supreme Court correctly determined that Nostalgic's complaint states a cause of action for breach of contract based on the 2011 Letter Agreement Amendment. We disagree with the Yankees' contention that it merely covenanted in the 2011 Letter Agreement Amendment to have in effect with Nostalgic a standard Player Development Contract (PDC) "as referred to in Major League Rule 56 of the Professional Baseball Agreement," which expired by its terms on September 30, 2020, along with the Professional Baseball Agreement. Rather, the Yankees in fact covenanted to provide Nostalgic with a standard PDC "as referred to in Major League Rule 56 of the Professional Baseball Agreement or the rule that is its successor, replacement or equivalent." Nothing in that language requires the successor, replacement, or equivalent rule to be associated with the Professional Baseball Agreement. In addition, neither the nature of Player Development Licenses, which the Yankees acknowledge replaced PDCs, nor affiliations between major and minor league teams under the new minor league structure, are sufficiently developed on this record to conclude that Player Development Licenses are not a successor, replacement, or equivalent to PDCs under former Major League Rule 56. Whether there is a conflict between the Yankees' covenant in the 2011 Letter Agreement [*2]Amendment and the Major League Rules cited by the Yankees, and the effect (if any) of any such conflict, are matters that cannot be resolved on this CPLR 3211 motion.
Contrary to the Yankees' further contention, section 7(b) of the 2007 Letter Agreement, which provided that it "shall terminate upon the occurrence of . . . failure of [Staten Island Minor League Holdings] to have a PDC in effect" with the Yankees, was not carried over into the 2011 Letter Agreement Amendment. The 2011 Letter Agreement Amendment specifically amended certain provisions of the 2007 Letter Agreement and incorporated others, and section 7(b) was not among them. Even if section 7(b) were among the provisions incorporated into the 2011 Letter Agreement Amendment, the Yankees' alleged breach of their obligation to maintain in effect a PDC with Nostalgic under the Major League Rules or equivalent, cannot cause that obligation to terminate on the basis that Nostalgic does not have a PDC in effect (see Riverbay Corp. v Thyssenkrupp N. El. Corp., 116 AD3d 487, 488 [1st Dept 2014]).
In the ValleyCats' action we modify to dismiss the causes of action for tortious interference, except for the seventh cause of action insofar as based on the Astro defendants inviting National Association members to participate in a restructured minor league system and entering into Player Development Licenses. The elements of tortious interference are a valid contract between plaintiff and another, the defendant's knowledge of the contract and intentional procurement of its breach without justification, and damages resulting therefrom (Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]).
The seventh cause of action of the ValleyCats' complaint alleges the Astro defendants procured a breach of, inter alia, section 19.03 of the NAA, which provides:
"Any club, party, to or identified with this Agreement, which shall enter into any negotiation to become a member of or in any way cooperate with any organization of professional baseball clubs whose existence will in any manner conflict with the letter and spirit of this Agreement, or the interests of any of the clubs operating under it, shall thereby automatically forfeit all rights and privileges conferred by this Agreement, including membership in any league party to this Agreement, and all right to hold and/or reserve players' contracts."
The provision plainly prohibits any team that is a party to the NAA from negotiating to become a member of a competing organization. The Astro defendants do not dispute that teams that entered into Player Development Licenses violated section 19.03. The Astro defendants' contention that the provision is merely a forfeiture provision that does not give rise to an actionable breach conflates breach with remedy. That the remedy under the provision is expulsion from the NAA rather than a claim for breach of contract, does not make a violation of the provision any less of a breach (see Two Rivs. Entities, LLC [*3]v Sandoval, 192 AD3d 528, 529 [1st Dept 2021]). Contrary to the Astro defendants' further contention that they could not have procured a breach of the provision because they had no power to require the teams they invited to participate in a restructured minor league system to accept, "persuasion to breach alone, as by an offer of better terms," is sufficient to constitute procurement of a breach of contract (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 194 [1980]).
The ValleyCats' remaining claims for tortious interference with contract are based on the Astro defendants refusing to enter into new affiliations with the ValleyCats or the National Association after expiration of the Professional Baseball Agreement and the ValleyCats' PDC. However, by merely exercising their right not to enter into agreements with the ValleyCats or the National Association after the PBA and ValleyCats' PDC expired, the Astro defendants did not procure breaches of the ValleyCats' various contracts (see WFB Telecom. v NYNEX Corp., 188 AD2d 257, 258 [1st Dept 1992], lv denied 81 NY2d 709 [1993]; Morse v Ted Cadillac, 146 AD2d 756, 757 [2d Dept 1989], appeal dismissed 74 NY2d 700 [1989]). Moreover, their actions were neither unjustified (see WFB Telecom., 188 AD2d at 258; see generally Torrenzano Group, LLC v Burnham, 26 AD3d 242, 243 [1st Dept 2006]), nor an intentional interference (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281 [1978]; Bellino Schwartz Padob Adv. v Solaris Mktg. Group, 222 AD2d 313, 313-314 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022