Tumayeva v Geyber (2023 NY Slip Op 04956)

Tumayeva v Geyber

2023 NY Slip Op 04956

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01864
 (Index No. 515695/20)

[*1]Yekaterina Tumayeva, respondent,
v
Dmitry Geyber, etc., appellant.

Fleischner Potash, LLP, Mineola, NY (Evan A. Richman of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated February 5, 2021. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action is granted.
The plaintiff entered into a contract with a third-party seller to purchase a condominium unit in Oceana Condominium No. 2 (hereinafter Oceana). As recognized in the plaintiff's contract with the third-party seller, Oceana had a right of first refusal to purchase the unit, which it could waive by mere inaction within a specified amount of time and without a written waiver. The plaintiff commenced this action seeking, in the first cause of action, to recover damages for tortious interference with contract. The plaintiff alleged that the defendant, the president of the board of managers of Oceana, intentionally procured a breach of the contract by waiving Oceana's right of first refusal through inaction and refusing to provide her with a written waiver, such that she was unable to obtain financing and title insurance.
The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action. In an order dated February 5, 2021, the Supreme Court, among other things, denied that branch of the motion. The defendant appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Minico Ins. Agency, LLC v B & M Cleanup Servs., 165 AD3d 776, 776). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Katz v DePaola, 211 AD3d 1020).
"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628; Golden Jubilee Realty, LLC v Castro, 196 AD3d 680). Here, the complaint failed to state a cause of action for tortious interference with contract, as it failed to allege that the third-party seller breached the contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424). Moreover, the complaint failed to allege any unjustified conduct on the part of the defendant, who acted in accordance with Oceana's bylaws (see Altman v DiPreta, 204 AD3d 965; Bittens v Board of Mgrs. of the Octavia Condominium, 132 AD3d 487).
Accordingly, the Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, alleging tortious interference with contract.
In light of our determination, we need not consider the defendant's remaining contention.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court