Tower Natl. Ins. Co. v Lugo (2024 NY Slip Op 04753)

Tower Natl. Ins. Co. v Lugo

2024 NY Slip Op 04753

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 160305/18 Appeal No. 2650 Case No. 2023-04325 

[*1]Tower National Insurance Company As Subrogee of One World Wireless, Inc., Also Known as Verizon, Subrogor, Plaintiff-Respondent,
v
Joseph A. Lugo et al., Defendants, Keith Kancar et al., Defendants-Appellants.

Law Offices of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for Keith Kancar, appellant.
Offit Kurman, PA, New York (Daniel I. Goldberg of counsel), for Albud (Abby) Martinez appellant.
Marschhausen & Fitzpatrick, P.C., Hicksville (Kevin P. Fitzpatrick of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about July 26, 2023, which denied the motions of defendants Keith Kancar and Abby Martinez (together, defendants) for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff's subrogor sustained property damage from a flood caused by a water leak in the kitchen sink of the apartment occupied by defendants. Contrary to defendants' argument, plaintiff's claim against them is not barred by collateral estoppel. Defendants' liability for negligence based on res ipsa loquitur, as the occupants of the apartment at the time of the flood, was not determined in the prior action brought by plaintiff's subrogor. The complaint in that action was dismissed as against Joseph A. Lugo, the out-of-possession owner of the apartment and the only defendant in that action (see Tower Natl. Ins. Co. v Lugo, 199 AD3d 502 [1st Dept 2021]). Defendants' putative obligations as tenants were not adjudicated in the prior action (see Matter of Seligson v Board of Mgrs. of the 25 Charles St. Condominium, 138 AD3d 432 [1st Dept 2016]).
Nevertheless, the court should have granted defendants' summary judgment motions as plaintiff failed to raise an issue of fact concerning the applicability of the doctrine of res ipsa loquitur. The record demonstrates that defendants did not have the requisite exclusive control over the plumbing underneath the apartment's kitchen sink which caused the leak (see e.g. Desosa v Ortiz-Osorio, 227 AD3d 461, 461-462 [1st Dept 2024]). Instead, the sublease, by which Lugo leased the apartment to defendants, prohibited them from making any alterations to the apartment, whereas the proprietary lease by which Lugo leased the apartment gave him the responsibility to maintain the plumbing. This is consistent with defendant Martinez's testimony that if there were any
maintenance issues, defendants would raise them with Lugo.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024