J.K. v Viscardi Ctr., Inc. (2025 NY Slip Op 06698)

J.K. v Viscardi Ctr., Inc.

2025 NY Slip Op 06698

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2024-05593
 (Index No. 502011/23)

[*1]J.K., appellant, 
v
Viscardi Center, Inc., et al., respondents, et al., defendants.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellant.
Hall Booth Smith, P.C., New York, NY (Matthew J. Koster and William G. Arsenault of counsel), for respondents Viscardi Center, Inc., and Henry Viscardi School.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Martin K. Rowe III of counsel), for respondents City of New York and NYC Board of Education.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated March 4, 2024. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York and NYC Board of Education which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as alleged a violation of Executive Law § 296(7) and the eleventh cause of action insofar as asserted against them and those branches of the motion of the defendants Viscardi Center, Inc., and Henry Viscardi School which were pursuant to CPLR 3211(a)(7) to dismiss the second, third, and eighth causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The defendants Viscardi Center, Inc., and Henry Viscardi School (hereinafter together the Viscardi defendants) operate a private school (hereinafter the school) outside of the City of New York. In 2013, the defendant NYC Board of Education (hereinafter the BOE) placed the plaintiff at the school to accommodate his physical condition. The plaintiff alleged that, in his second year at the school, the Viscardi defendants appointed a school principal who harassed and abused the plaintiff on the basis of his race, sex, and physical disability.
The amended complaint asserted, inter alia, causes of action to recover damages for violations of the New York State Human Rights Law (Executive Law § 290 et seq.), the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY former § 8-901 et seq.), and the Dignity for All Students Act (DASA) (Education Law § 10 et seq.), and for tortious interference with contract and negligent failure to investigate.
The City and the BOE (hereinafter together the City defendants) moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, and the [*2]Viscardi defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. In an order dated March 4, 2024, the Supreme Court, among other things, granted those branches of the City defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as alleged a violation of Executive Law § 296(7) and the eleventh cause of action insofar as asserted against them and those branches of the Viscardi defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, third, and eighth causes of action insofar as asserted against them. The plaintiff appeals.
"'[O]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Bernstein v Jacobson, 238 AD3d 1102, 1103, quoting 17 Lexington Ave., LLC v Alison Six Star, LLC, 229 AD3d 484, 486; see Leon v Martinez, 84 NY2d 83, 87-88). "'However, allegations consisting of bare legal conclusions are not entitled to any such consideration'" (Geltzer v City of New York, 237 AD3d 910, 912, quoting Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Lapin v Verner, 238 AD3d 1128, 1129 [internal quotation marks omitted]).
Executive Law § 296(7) provides, in relevant part, that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article." Here, the amended complaint failed to allege that the City retaliated or discriminated against the plaintiff because he opposed the alleged violations of Executive Law § 296 by the Viscardi defendants' employees, and an affirmation of the plaintiff's attorney, who asserted no personal knowledge of the facts, is without evidentiary value (see Tarzia v Brookhaven Natl. Lab., 247 AD2d 605, 606; Gorman v Gorman, 88 AD2d 677, 678). Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was to dismiss so much of the first cause of action as alleged a violation of Executive Law § 296(7) insofar as asserted against them.
The Supreme Court also properly granted that branch of the City defendants' motion which was to dismiss the eleventh cause of action insofar as asserted against them. Contrary to the plaintiff's contention, Social Services Law § 424 did not impose a duty on the City to investigate the alleged harassment and abuse because the school principal was not a "person legally responsible" for the plaintiff's care (see Family Ct Act § 1012[e], [f][1]; Social Services Law § 412[1], [2]; Matter of Yolanda D., 88 NY2d 790, 796; Hanson v Hicksville Union Free Sch. Dist., 209 AD3d 629, 631). Furthermore, inasmuch as the plaintiff alleged that he "did not have many problems in his first year" before the Viscardi defendants appointed a new principal, the plaintiff failed to allege any connection between the BOE's alleged failure to investigate the Viscardi defendants before placing the plaintiff at the school and the alleged harassment and abuse (cf. Chichester v Wallace, 150 AD3d 1073, 1075), and the BOE's responsibility for reviewing the plaintiff's individualized education program was inadequate to create a continuing duty to supervise the plaintiff's day-to-day safety at the school (see I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 963; Begley v City of New York, 111 AD3d 5, 23).
The provisions of the NYCHRL cited by the plaintiff were superseded by the Victims of Gender-Motivated Violence Protection Law (Administrative Code § 10-1101 et seq.), which provides that "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender has a cause of action against such party" (id. § 10-1104). "The term 'crime of violence' means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law . . . if the conduct presents a serious risk of physical injury to another" (id. § 10-1103). Here, the plaintiff's allegation that the school principal pulled on the plaintiff's trousers was inadequate to allege a serious risk of physical injury. Accordingly, the Supreme Court properly granted that branch of the Viscardi defendants' motion which was to dismiss the second cause of [*3]action insofar as asserted against them.
Furthermore, the Supreme Court properly granted that branch of the Viscardi defendants' motion which was to dismiss the third cause of action insofar as asserted against them, as "there is no private right of action under DASA" (Eskenazi-McGibney v Connetquot Cent. Sch. Dist., 169 AD3d 8, 12; see Mackey v Lawrence Union Free Sch. Dist., 225 AD3d 683, 686). Inasmuch as the plaintiff failed to allege any conduct by the Viscardi defendants that resulted in a breach of a contract between the plaintiff and a third party, the court also properly granted that branch of the Viscardi defendants' motion which was to dismiss the eighth cause of action, alleging tortious interference with contract, insofar as asserted against them (see Plymouth Capital, LLC v Montage Fin. Group, Inc., 230 AD3d 1361, 1363; Tumayeva v Geyber, 220 AD3d 634, 635).
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court